OPINION
{¶ 1} Plaintiff-appellant, the state of Ohio, seeks to appeal pursuant to Crim.R. 12(K) from a mid-trial ruling of the Franklin County Municipal Court precluding the prosecution from presenting out-of-court statements under the excited utterance exception to the hearsay rule, Evid.R. 803(2), at the trial of defendant-appellee, Carolyn Thompson, who was charged with falsification, a misdemeanor, in violation of Section2321.13(A-3) of the Columbus City Code.
 {¶ 2} Pursuant to a June 6, 2003 complaint, defendant was charged with falsification for filing a false report with the police that her vehicle had been stolen. Defendant entered a not guilty plea, and the matter was set for a jury trial. The prosecution did not seek a pretrial ruling, as permitted by Crim.R. 12(C) and (E), of its intention to present testimony at trial under Evid.R. 803(2), the excited utterance exception to the hearsay rule.
 {¶ 3} In opening statements at trial, the prosecution told the jury that defendant reported her vehicle stolen on May 16, 2003 and advised the police at that time that her husband could not have taken the vehicle because he was out of town on business. (Tr. 4.) The prosecution informed the jury that the police saw the vehicle less than two hours after it was reported as stolen, pulled the vehicle over, and discovered defendant's husband, Terrence Thompson, was driving it. Thompson was "a little freaked out," uncooperative, and resistive upon being stopped and handcuffed. (Tr. 5.) The prosecution stated defendant's husband was still very angry after the officers placed him in the back of the patrol car:
* * * Why are you pulling me over? What the heck is going on? This is my car. I'm Terrence Thompson. This is my car. The car's been reported stolen by Carolyn Thompson. That's my wife. What do you mean? She reported it stolen. We went out to dinner tonight. She knows I've got this car. We got into an argument. She is just pissed and she did this to get me in trouble.
(Tr. 5.) The prosecution argued that defendant knew her car had not been stolen, but intentionally reported it as stolen to cause her husband's arrest because she was "ticked off at him." (Tr. 6.)
 {¶ 4} In its case-in-chief, the prosecution first presented two police officers who testified regarding the stolen vehicle report defendant filed. After advising the court that it might also call defendant's husband to testify, the prosecution called Patrol Officer Bret Bodell to the stand Bodell testified that he arrived at the scene approximately 15 minutes after the police pulled over defendant's vehicle, subdued Thompson, the driver, and placed him in the back of a police cruiser. The court permitted the prosecution to question Bodell regarding Thompson's demeanor at the scene; Bodell testified Thompson was irate and upset that he had been stopped. The court, however, sustained defendant's objection to Bodell's further testifying to statements Thompson made to him at the scene. The court refused the prosecution's request for an opportunity to ascertain whether the court's ruling was subject to a Crim.R. 12(K) appeal. (Tr. 37.)
 {¶ 5} Following the completion of Bodell's testimony, the prosecution presented Thompson, who testified extensively regarding his statements to Bodell and other police officers after Thompson was pulled over for driving the reportedly stolen vehicle. Briefly, Thompson testified he was angry the police pulled him over and placed him in handcuffs; he testified he told the police the vehicle was not stolen and belonged to his wife, who reported it as stolen to get back at him because they had an argument. At the end of Thompson's testimony, the prosecution rested its case. (Tr. 84.)
 {¶ 6} After the jury was excused for the day, the defense moved for an acquittal pursuant to Crim.R. 29. In response to the motion, the prosecution argued it had "proved all the evidence, Judge. We've proved [defendant] made statements that turned out to be false statements, that she made it to a police officer in the performance of his official duties. And it is completely up to the jury at this point as to whether or not those statements were made to mislead him. * * * But there's definitely been enough evidence shown for them to make a determination." (Tr. 86.) The court overruled the motion for acquittal. After defense counsel and the prosecution each expressly agreed they would be ready to proceed the next day, the proceedings were adjourned until the following afternoon.
 {¶ 7} Before trial proceedings resumed the following afternoon, the prosecution notified the court it had perfected a Crim.R. 12(K) appeal of the court's decision "suppressing evidence," and it moved for a stay of the proceedings pending the outcome of the appeal. (Tr. 88.) The court denied the motion for stay and advised the parties the trial was going forward, explaining that the court would not stop the trial while the prosecution took an appeal of an "evidentiary ruling." (Tr. 88-89.) After expressing its belief that the trial court was deprived of jurisdiction upon the state's filing a Crim.R. 12(K) appeal, the prosecution vacated the courtroom for the remainder of the trial proceedings. (Tr. 88-89.) The defendant testified on her own behalf, and the jury returned a verdict of not guilty.
 {¶ 8} In its appeal filed pursuant to Crim.R. 12(K), the state assigns the following errors:
First assignment of error:
The trial court erred to the prejudice of the state by requiring the state to meet impossible and contradictory burdens before allowing the state to admit evidence under Evid.R. 803(2), and the trial court compounded this error by making its ruling in lieu of a factual determination.
Second assignment of error:
The trial court erred in proceeding on the merits of the case although it had been divested of jurisdiction pursuant to R.C. §2505.04 by Appellant's Crim.r. 12(K) appeal.
 {¶ 9} Initially, we must address the threshold matter of whether this court has jurisdiction over the state's appeal in this case.
 {¶ 10} Courts of appeal have only such jurisdiction as law provides. State ex rel. Leis v. Kraft (1984), 10 Ohio St.3d 34,35. Specifically, Section 3(B)(2), Article IV, Ohio Constitution, grants courts of appeals "such jurisdiction as may be provided by law to review and affirm, modify, or reverse judgments or finalorders of the courts of record inferior to the court of appeals within the district." (Emphasis added.) The Ohio Constitution thus places two limitations upon the jurisdiction of courts of appeal. Initially, a court of appeals has only such jurisdiction as is "provided by law"; second, the Ohio Constitution limits a court of appeals' authority to the review of judgments and "final orders" only, sometimes referred to as the "final order requirement." Leis, at 35-36; State v. Buckingham (1980),62 Ohio St.2d 14, 15. A "final order" is one that "affects a substantial right in an action that in effect determines the action and prevents a judgment[.]" R.C. 2505.02(B)(1). See Statev. Davidson (1985), 17 Ohio St.3d 132, 134. A party may appeal to a court of appeals only orders deemed to be final orders. R.C.2505.03; Davidson, supra.
 {¶ 11} The Ohio Supreme Court has consistently construed the constitutional provision to mean that the state may appeal in a criminal case only when a statute gives the state express authority to do so. Section 3(B)(2), Article IV, Ohio Constitution; State v. Fraternal Order of Eagles (1991),58 Ohio St.3d 166, 167; Leis, at 35, citing State v. Brenneman
(1973), 36 Ohio St.2d 45, 46; State v. Hughes (1975),41 Ohio St.2d 208, 210, and Mick v. State (1905), 72 Ohio St. 388, paragraph one of the syllabus. The statutory authority for the state's appeal in criminal cases is set forth in R.C. 2945.67(A).Fraternal Order of Eagles, at 167.
 {¶ 12} This statute grants the state a substantive, but limited, right of appeal. State v. Slatter (1981),66 Ohio St.2d 452, 456-457; State v. Waller (1976), 47 Ohio St.2d 52,55-56; State v. Kole (Sept. 29, 2000), Ashtabula App. No. 99-A-0015. Pursuant to the statute, the state's absolute right of appeal is available only where the trial court's decision falls within one of the four categories delineated in the statute, specifically, decisions granting: (1) a motion to dismiss all or part of an indictment, complaint, or information; (2) a motion to suppress evidence; (3) a motion for the return of seized property; and (4) a petition for post-conviction relief. Statev. Matthews (1998), 81 Ohio St.3d 375, 377-378; Fraternal Orderof Eagles, at 167.
 {¶ 13} The state may appeal "any other decision" of the trial court, including general evidentiary rulings, but only if the state first obtains leave from the appellate court to take the appeal. R.C. 2945.67(A); Matthews, at 378 (stating it is solely within the discretion of the reviewing court to grant or deny the state's motion for leave to appeal in a criminal case); State v.Arnett (1986), 22 Ohio St.3d 186, syllabus (holding the state may be granted leave to appeal from a decision of the trial court on the admissibility of evidence, notwithstanding the acquittal of the defendant); State v. Keeton (1985), 18 Ohio St.3d 379, syllabus (holding the state may, by leave of the appellate court, appeal any decision of a trial court in a criminal case which is adverse to the state, except a final verdict). The state is not authorized to appeal final verdicts. See R.C. 2945.67(A);Keeton, supra.
 {¶ 14} Crim.R. 12(K) prescribes the procedures and conditions with which the state must comply to initiate an appeal as of right under R.C. 2945.67(A). State v. Bassham (2002),94 Ohio St.3d 269, 271; State v. Bertram (1997), 80 Ohio St.3d 281,282; Fraternal Order of Eagles, at 167-168; Buckingham,
syllabus. The rule states, in relevant part:
(K) Appeal by state
When the state takes an appeal as provided by law from an order suppressing or excluding evidence, the prosecuting attorney shall certify that both of the following apply:
(1) the appeal is not taken for the purpose of delay;
(2) the ruling on the motion or motions has rendered the state's proof with respect to the pending charge so weak in its entirety that any reasonable possibility of effective prosecution has been destroyed.
* * *
This appeal shall take precedence over all other appeals.
If an appeal pursuant to this division results in an affirmance of the trial court, the state shall be barred from prosecuting the defendant for the same offense or offenses except upon a showing of newly discovered evidence that the state could not, with reasonable diligence, have discovered before filing of the notice of appeal.
 {¶ 15} The Ohio Supreme Court has held that as an exception to the general rule prohibiting the state's appeals in criminal prosecutions, Crim.R. 12(K), formerly Crim.R. 12(J), must be strictly construed. Bassham, supra; State v. Caltrider
(1975), 43 Ohio St.2d 157, paragraph one of the syllabus. The rule "does not provide the state with an unfettered right of appeal." State v. Malinovsky (1991), 60 Ohio St.3d 20, 23. Rather, the rule reiterates the constitutional limitation that the state may appeal only "as provided by law."
 {¶ 16} Accordingly, the state's substantive right to appeal in a criminal proceeding is grounded in, and limited to, those rights granted in the Ohio Constitution and R.C. 2945.67(A). The rules governing practice and procedure, while they must be followed to properly invoke an appellate court's jurisdiction to entertain an appeal, cannot enlarge the state's substantive rights of appeal expressly granted to the state in R.C.2945.67(A). Section 3(B)(2), Article IV, Ohio Constitution;Buckingham, at 16, fn. 6.
 {¶ 17} Here, in its Notice of Appeal filed with this court under Crim.R. 12(K), the state advises that it is appealing "the August 20, 2003 decision of [the] Franklin County Municipal Court * * * suppressing evidence pertaining to statements made by Terrance [sic] Thompson to the Columbus Division of Police as excited utterances[.]" The state then certifies that "this appeal is not taken for purpose of delay, but rather because the mentioned ruling has rendered the Prosecution's proof with respect to the charge of Falsification so weak in its entirety that any reasonable possibility of effective prosecution has been destroyed." (Aug. 21, 2003 Notice of Appeal.) The state did not move this court for a stay of the trial court proceedings upon filing its appeal with this court. The state asserts it is entitled to an appeal as of right in this case because (1) the decision being appealed was one "suppressing evidence," and (2) the state complied with Crim.R. 12(K)'s certification requirements.
 {¶ 18} At issue here is the trial court's ruling that Officer Bodell's testimony concerning statements Thompson made to him, was inadmissible hearsay outside Evid.R. 803(2)'s recognized exception for excited utterances. In determining whether this court has jurisdiction to decide the state's appeal in this case, the issue resolves to whether the trial court's ruling was tantamount to granting a "motion to suppress" within the ambit of R.C. 2945.67(A), thereby entitling the state to an absolute appeal as of right pursuant to the statute and Crim.R. 12(K). Mindful of the constitutional and statutory limitations placed on this court's jurisdiction and the state's right of appeal, and strictly construing Crim.R. 12(K), we hold that the trial court's ruling the state seeks to appeal does not fall within the confines of the four categories of decisions for which the state may appeal as of right pursuant to R.C. 2945.67(A).
 {¶ 19} While the state utilizes language of "suppression" in its notice of appeal filed with this court, the record clearly reflects that the trial court's ruling was not the functional equivalent of granting a "motion to suppress" that is appealable as of right under R.C. 2945.67(A) and Crim.R. 12(K). Rather, the trial court's decision was a simple evidentiary ruling for which an appeal is available only by leave of this court. See and compare, State v. Spahr (1976), 47 Ohio App.2d 221, andDavidson, supra.
 {¶ 20} In deciding that the trial court's ruling does not fall within the parameters of the categories delineated in R.C.2945.67(A) for which the state may appeal as of right, we need not, and indeed lack authority to, decide whether the state properly certified the case for appeal pursuant to Crim.R. 12(K). See Bertram, supra. We note only that the state cannot use Crim.R. 12(K)'s certification procedure to circumvent and enlarge its substantive right of appeal beyond that granted by constitution and statute. Section 5(B), Article IV, Ohio Constitution (providing that rules governing practice and procedure shall not enlarge any substantive right); Buckingham,
at 16, fn. 6. In other words, the state's mere certification of the reasonableness of its appeal does not suffice to make a ruling appealable as of right under R.C. 2945.67(A), where the ruling does not otherwise fall within one of the specified categories in R.C. 2945.67(A) for a substantive right of appeal.
 {¶ 21} Accordingly, because the trial court's ruling that the state seeks to appeal does not fall within any of the four categories enumerated in R.C. 2945.67(A), the state has authority to bring this appeal only if it seeks and obtains leave from this court to prosecute its appeal. In this case, the state did not attempt to invoke this court's jurisdiction by filing a motion requesting such leave. A motion for leave to appeal is a necessary prerequisite under R.C. 2945.67(A) for the state to invoke this court's jurisdiction on that basis. See App.R. 5(C). Because the state has failed to file a motion for leave to appeal, this court's jurisdiction has not been properly invoked, leaving this court without jurisdiction to consider the merits of the state's appeal. Accordingly, the appeal is dismissed.
Appeal dismissed.
Brown and Sadler, JJ., concur.