DECISION
{¶ 1} Defendant-appellant, Eduardo J. Orlandi, seeks leave to file a delayed appeal from the Franklin County Municipal Court's judgment, whereby the trial court convicted appellant of assault pursuant to a jury trial. Plaintiff-appellee, the State of Ohio, has filed no response.
 {¶ 2} App.R. 5(A) allows a defendant to file a motion for leave to file a delayed appeal in a criminal case after the expiration of the 30-day deadline mandated in App.R. 4(A). Under App.R. 4(A), "[a] party shall file the notice of appeal * * * within thirty days of the later of entry of the judgment or order appealed[.]"
 {¶ 3} Here, appellant pled not guilty to assault on March 29, 2005, and a jury found appellant guilty of assault on July 11, 2005. The trial court held a sentencing hearing on August 22, 2005, and sentenced appellant accordingly. Next, the trial court issued a judgment entry that indicated appellant being guilty of assault and that denoted appellant's sentence. The judge signed the entry and the clerk of courts filed the entry for journalization on August 22, 2005.
 {¶ 4} On September 1, 2005, appellant filed the App.R. 5(A) motion and a notice of appeal. In his App.R. 5(A) motion and notice of appeal, appellant states that he wants to appeal the guilty verdict that the jury rendered in July 2005. Appellant believes that he must seek leave to appeal the July verdict because he filed the notice of appeal beyond 30 days after the verdict. However, appellant does not need App.R. 5(A) leave to appeal in this case.
 {¶ 5} R.C. 2953.02 restricts our jurisdictional review in a criminal case to a trial court's "judgment or final order[.]" Likewise, under R.C. 2505.03(A), a party may only appeal to a court of appeals a "final order, judgment, or decree[.]" SeeState v. Thompson, Franklin App. No. 03AP-841, 2004-Ohio-3229, at ¶ 10.
 {¶ 6} Crim.R. 32(C) discusses judgments of conviction in a criminal case and states that:
A judgment of conviction shall set forth the plea, the verdict or findings, and the sentence. * * * The judge shall sign the judgment and the clerk shall enter it on the journal. A judgment is effective only when entered on the journal by the clerk.
Crim.R. 32(C) ensures that a defendant in a criminal case is fully aware of the time from which the 30-day limitation of App.R. 4(A) begins to run from a judgment of conviction. Statev. Lichtensteiger (Dec. 4, 2001), Van Wert App. No. 15-01-07;State v. Ginocchio (1987), 38 Ohio App.3d 105, 106. As such, a guilty finding against a defendant in a criminal case is not a final appealable order until the trial court enters a "judgment of conviction" in accordance with Crim.R. 32(C). See State v.Cooper, Cuyahoga App. No. 84716, 2005-Ohio-754, at ¶ 4;Lichtensteiger.
 {¶ 7} Here, on August 22, 2005, the clerk of courts filed for journalization an entry that the judge signed and that denotes the guilty finding and appellant's sentence. The trial court's failure to include appellant's not guilty plea in the August 22, 2005 judgment entry is not fatal to jurisdiction because the record establishes that appellant pled not guilty and that a trial ensued. See State v. Thivener (June 1, 2000), Gallia App. No. 99CA13; State v. Perrine (Apr. 29, 1997), Holmes App. No. CA-565; City of Wadsworth v. Morrison (Apr. 1, 1992), Medina App. No. 2047. Thus, we conclude that the August 22, 2005 entry is the final appealable order from which appellant had to appeal. As such, appellant had 30 days from August 22, 2005, to file his notice of appeal, and appellant filed the notice of appeal within the requisite 30 days on September 1, 2005. Therefore, appellant need not seek leave to file a delayed appeal, and we deny appellant's App.R. 5(A) motion because appellant has filed a timely appeal.
Motion for delayed appeal denied.
BRYANT and KLATT, JJ., concur.