DECISION AND JUDGMENT ENTRY
{¶ 1} Grady E. Smith, Jr. ("Appellant") appeals his conviction in the Lawrence County Common Pleas Court for corrupting another with drugs, as well as the sentencing entry imposing a maximum, consecutive sentence. The Appellant contends that there is insufficient evidence for the jury to convict him of the crime charged. He also contends that the trial court did not award him sufficient credit for time served when it rendered a maximum, consecutive sentence, and that the trial court erred in imposing a sentence contrary to felony sentencing guidelines when there was not sufficient support for its decision in the record. Because we do not find any of the Appellant's arguments to be meritorious, we affirm the judgment of the trial court.
 I. Facts {¶ 2} On September 1, 2004, a Lawrence County grand jury issued a three-count indictment against the Appellant for burglary in violation of R.C. 2911.12(A)(2), a second-degree felony; corrupting another with drugs in violation of R.C.2925.02(A)(4)(b), a fourth-degree felony; and rape in violation of R.C. 2907.02(A)(1)(c), a first-degree felony. The State ("Appellee") amended count one from burglary to receiving stolen property in violation of R.C. 2912.51, a fifth-degree felony. The Appellant entered a plea of guilty to count one, and the trial court sentenced him to a nine month prison term. The other two counts of the indictment, corrupting another with drugs and rape, proceeded to a jury trial.
 {¶ 3} The jury found the Appellant guilty of corrupting another with drugs, but did not reach a verdict in regard to count three of the indictment, the rape charge. The trial court rendered a maximum, eighteen month sentence for the corrupting another with drugs conviction to be served consecutively to the nine month sentence it issued for the receiving stolen property charge. The Appellant now appeals his conviction for corrupting another with drugs and its attending sentence, asserting the following assignments of error:
 {¶ 4} 1. THE JURY ERRED WHEN IT CONVICTED APPELLANT OF CORRUPTING ANOTHER WITH DRUGS IN THE ABSENCE OF PROOF BEYOND A REASONABLE DOUBT OF EACH ELEMENT OF THE OFFENSE (I.E., IN THE ABSENCE OF PROOF THAT THE APPELLANT INDUCED OR CAUSED A JUVENILE AT LEAST 2 YEARS HIS JUNIOR TO USE A CONTROLLED SUBSTANCE).
 {¶ 5} 2. THE SENTENCING COURT COMMITTED ERROR WHEN IT FAILED TO GIVE CREDIT FOR TIME SERVED FOR ALL THE TIME APPELLANT WAS CONFINED IN LIEU OF BAIL AWAITING TRIAL.
 {¶ 6} 3. THE TRIAL COURT COMMITTED PREJUDICIAL, REVERSIBLE ERROR IN IMPOSING A SENTENCE ON APPELLANT THAT WAS CONTRARY TO FELONY SENTENCING GUIDELINES (I.E., BY SENTENCING HIM TO THE MAXIMUM EIGHTEEN MONTHS), WHERE THAT DECISION WAS BASED, AT LEAST IN PART, ON CONSIDERATION OF FACTORS NOT IN THE RECORD OR FACTORS WITH INSUFFICIENT SUPPORT IN THE RECORD.
 {¶ 7} 4. THE TRIAL COURT COMMITTED PREJUDICIAL, REVERSIBLE ERROR WHEN IT SENTENCED THE DEFENDANT/APPELLANT TO CONSECUTIVE TERMS WHEN THE TRI-PARTITE PROCEDURE REQUIRED OF A SENTENCING COURT TO IMPOSE CONSECUTIVE TERMS WAS NOT FOLLOWED.
 II. Sufficiency of the Evidence {¶ 8} In his first assignment of error, the Appellant contends that his conviction for corrupting another with drugs in violation of R.C. 2925.02(A)(4)(b) was not supported by sufficient evidence. An appellate court's function when reviewing the sufficiency of the evidence to support a criminal conviction is to examine the evidence admitted at trial to determine whether such evidence, if believed, would convince the average mind of the defendant's guilt beyond a reasonable doubt. State v. Jenks
(1991), 61 Ohio St.3d 259, 574 N.E.2d 492, paragraph two of the syllabus. The relevant inquiry is whether, after reviewing the evidence in a light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime proven beyond a reasonable doubt. Id., citing Jacksonv. Virginia (1979), 443 U.S. 307, 319, 99 S.Ct. 2781.
 {¶ 9} R.C. 2925.02(A)(4)(b) provides that no person shall knowingly "[i]nduce or cause a juvenile who is at least two years the offender's junior to use a controlled substance, when the offender knows the age of the juvenile or is reckless in that regard[.]" In the case below, Ashley Jenkins, who was fourteen years old at the time of the incident at issue, testified that she did not know the Appellant prior to the evening of August 1, 2004. She testified that the Appellant and his companion approached her, her friend, and her friend's two cousins in a vehicle in the Auto Zone parking lot in Ironton, Ohio, and the Appellant "told [her] that [he and his companion] were going to go get high and he asked [her] if [she and her companions] wanted to go with them." The Appellant made no attempt to ascertain her age. She testified that the Appellant and his companion transported her, along with her companions, to a factory, where the Appellant's companion unlocked the factory and the group went inside. While inside, the Appellant produced marijuana for the group's consumption. She testified that she, her friend's two cousins, and the Appellant's companion smoked the marijuana while present in the factory. The Appellant was thirty-four years old at the time of the incident.
 {¶ 10} As stated supra, the Appellant asked Ms. Jenkins and her companions if they would like to get high with the Appellant and his companion. This request by the Appellant fulfills the knowingly requirement, the inducement requirement, the juvenile requirement, the two year separation in age requirement, and the controlled substance requirement as set forth in R.C.2925.02(A)(4)(b). Additionally, because Ms. Jenkins and her companions were so young at the time of the incident, and the Appellant took no action to ascertain the ages of Ms. Jenkins or her companions, he acted recklessly. Therefore, the essential elements of the crime were proven beyond a reasonable doubt. The Appellant's first assignment of error is accordingly overruled.
 III. Maximum, Consecutive Sentences and Time Served {¶ 11} We will address the Appellant's second, third, and fourth assignments of error jointly. The Appellant contends that the trial court erred when it did not credit the Appellant for time served on his nine month receiving stolen property sentence toward his maximum, eighteen month sentence for corrupting another with drugs. The appellant also argues that the trial court erred when it sentenced him to a maximum sentence and ordered him to serve his eighteen month term for corrupting another with drugs consecutively to his sentence for receiving stolen property.
 {¶ 12} The Appellant was originally arrested August 4, 2004. He pled guilty to count one, receiving stolen property, on January 19, 2005, and was sentenced to a nine month term. Accordingly, the nine month sentence was served by the Appellant from January 19, 2005, until October 18, 2005. Because the Appellant was imprisoned for 168 additional days prior to sentencing, those days were credited toward his sentence on count two, corrupting another with drugs, issued October 19, 2005.
 {¶ 13} The Appellant contends that the trial court erred when it ordered him to serve a maximum eighteen month sentence for corrupting another with drugs consecutively to his nine month sentence for receiving stolen property. He argues that the trial court's imposition of maximum, consecutive sentences was contrary to felony sentencing guidelines and was not supported by findings in the record. In State v. Foster, 109 Ohio St.3d 1,2006-Ohio-856, the Supreme Court of Ohio held that certain Ohio felony sentencing statutes violate the Sixth Amendment to the United States Constitution. R.C. 2929.14(C), which requires judicial factfinding for maximum prison terms, and R.C.2929.14(E)(4), which requires judicial findings for consecutive terms, were amongst the number of statutes deemed unconstitutional in Foster. Foster, supra, at ¶ 99. The consequence of the Court striking down R.C. 2929.14(C) and (E)(4) is that trial courts are no longer required to make findings or give their reasons when imposing prison terms within the basic ranges of 2929.14(A) based upon a jury verdict or an admission of the defendant, or for imposing consecutive sentences. Therefore, the trial court was under no obligation to make specific findings in order to support its imposition of a maximum term or consecutive sentences. Because its imposition of consecutive sentences was proper, the Appellant was appropriately credited with only 168 days toward his eighteen month sentence for corrupting another with drugs. Therefore, the Appellant's second, third, and fourth assignments of error are overruled.
 IV. Conclusion {¶ 14} As such, we find that there was sufficient evidence to support the trial court's judgment, and because we find that the trial court's imposition of maximum, consecutive sentences was proper, we accordingly affirm its judgment.
Judgment Affirmed.