DECISION AND JOURNAL ENTRY
This cause was heard upon the record in the trial court and the following disposition is made:
{¶ 1} Defendant, Erica Williams, appeals her sentence in the Lorain County Court of Common Pleas on three different counts arising from a traffic *Page 2 
accident in which she was involved. We dismiss for lack of a final, appealable order.
 {¶ 2} On July 23, 2003, Defendant proceeded into the path of an oncoming police cruiser that was in pursuit of another vehicle. The cruiser had lights and siren activated at the time of the accident. Defendant was indicted by the grand jury on three counts: failure to yield to an emergency vehicle in violation of R.C. 4511.45(A)(2), a fourth degree misdemeanor; vehicular assault in violation of R.C.2903.08(A)(2), a fourth degree felony; and failure to comply in violation of 2921.331(A), a first degree misdemeanor. She waived her right to speedy trial, and, after more than two years of pre-trial proceedings, entered a no contest plea to all three charges. On April 10, 2006, the judge sentenced her to sixty days in jail, ninety days of house arrest with electronic monitoring, and three years of community control.
 {¶ 3} Defendant now appeals this sentence and raises one assignment of error for this court's review:
 FIRST ASSIGNMENT OF ERROR "The trial court acted contrary to law by imposing a more-than-minimum sentence upon [Defendant] without reference to the sentencing factors required by the sentencing statute in effect at the time of the incident that brought rise to the charges and at the time of [Defendant's] `no contest' plea."
 {¶ 4} Defendant challenges her sentence as being an unconstitutional violation of the prohibition of ex post facto enforcement of judicial decisions. However, we do not reach Defendant's argument because the trial court has not *Page 3 
complied with Crim.R. 32(C) in taking Defendant's plea, and therefore the judgment entry from which Defendant appeals is not a final appealable order.
 {¶ 5} This court recently decided State v. Miller, 9th Dist. No. 06CA0046-M, 2007-Ohio-1353, in which it clearly enumerated the elements of Crim.R. 32(C) that must be present in a judgment entry of conviction in order for that entry to constitute a final appealable order.
 {¶ 6} "We are obligated to raise sua sponte questions related to our jurisdiction. Whitaker-Merrell Co. v. Geupel Constr. Co. (1972),29 Ohio St.2d 184, 186. We find that the trial court's judgment entry fails to satisfy the requirements of Crim.R. 32(C), and that the trial court has therefore not issued a final appealable order. See, e.g., State v.Earley, 9th Dist. No. 23055, 2006-Ohio-4466. Therefore, we find that we do not have jurisdiction over this appeal. Section 3(B)(2), Article IV, Ohio Constitution; State v. Tripodo (1977), 50 Ohio St.2d 124, 127."Miller at ¶ 3.
 {¶ 7} Crim.R. 32(C) states, in pertinent part:
 "A judgment of conviction shall set forth the plea, the verdict or findings, and the sentence. * * * The judge shall sign the judgment entry and the clerk shall enter it on the journal. A judgment is effective only when entered on the journal by the clerk."
 {¶ 8} This Court observed in Miller that Crim.R. 32(C) sets forth five elements that must be present in any judgment of conviction in order for that judgment entry to be final and appealable: 1. the plea; *Page 4 
 2. the verdict or findings;
 3. the sentence;
 4. the signature of the judge; and
 5. the time stamp of the clerk to indicate journalization. See Miller at ¶ 5.
 {¶ 9} Our holding in Miller overruled the holding in State v.Morrison (Apr. 1, 1992), 9th Dist. No. 2047. See Miller at ¶ 10. The holding in Morrison was narrow, and was limited by the facts before the Court. While the sentencing entry in Morrison indicated that the defendant had been found guilty after a trial, it failed to include the defendant's plea. However, the Court found that the record contained defendant's written plea of not guilty entered earlier in the proceedings. It further found that the defendant's plea was implicit in the sentencing entry, which indicated that the defendant had received a jury trial and was found guilty. Although Crim.R. 32(C) required that the trial court's sentencing entry include the defendant's plea, theMorrison court created a narrow exception to that rule by which the court would infer a not guilty plea where a defendant had received a jury or bench trial and the circumstances of the case supported such an inference.
 {¶ 10} Miller overruled the Morrison decision to infer a not guilty plea in the case of a trial, and required strict compliance with all elements of Crim.R. 32(C) in all instances. It further held that under no circumstances would this Court search the record to determine a defendant's plea when that plea is not *Page 5 
included in the sentencing order. After the journalization ofMiller, any trial court judgment entries must clearly set forth a defendant's plea, without exception:
 "For judgment entries entered after this decision is journalized, this Court will not search the record to determine what plea the defendant entered. The trial court's judgment entry must comply fully with Crim.R. 32(C) by setting forth the defendant's plea of not guilty, guilty, no contest, or not guilty by reason of insanity." Miller at ¶ 10.
 {¶ 11} The judgment entry in the instant case indicates that Defendant "appeared in court for sentencing after having plead guilty to" the charges for which she was ultimately sentenced. This is an incorrect record of Defendant's plea. The transcript of Defendant's plea hearing clearly indicates that Defendant pled no contest. However, because this judgment entry was journalized before this Court's decision inMiller, we do not dispose of this appeal on that basis, and we proceed to consider the sentencing entry's inclusion of the verdict or findings as required by Crim.R. 32(C), and as discussed in Miller.
 {¶ 12} The second element of a judgment entry under Crim.R. 32(C) is the "verdict or findings."
 "Following either a jury trial or a bench trial, the trial court must set forth the verdict in the judgment entry. The verdict is the `jury's finding or decision on the factual issues of a case.' State v. Lomax, 96 Ohio St.3d 318, 2002-Ohio-4453, ¶ 23. In the case of a plea of guilty or no contest, the trial court must enter its finding on the plea." Miller at ¶ 11.
 {¶ 13} The judgment entry in this case does not contain any finding by the court after Defendant's plea. As indicated above, the form includes the phrase *Page 6 
"having been found guilty of which has been crossed out by the court. Even if that language were not stricken, it would not be sufficient to satisfy Crim.R. 32(C), as we held in Miller. Miller at ¶ 12-16. The court must instead make a present finding of guilt in order to comply with Crim.R. 32(C). See Miller at ¶ 13-15. See, also, State v. Meese, 5th Dist. No. 2005AP11075, 2007-Ohio-742.
 {¶ 14} Moreover, this Court held in Miller that "in the context of a guilty or no contest plea, it is also not sufficient for the trial court to note only that it accepted the defendant's plea. The trial court must enter a finding of guilt to comply with Crim.R. 32(C)." Miller
at ¶ 14. See, also, State v. Sandlin, 4th Dist. No. 05CA23, 2006-Ohio-5021, at ¶ 11 (deciding that the imposition of a sentence does not satisfy this element of Crim.R. 32(C), which "requires that the verdict [or finding] itself be recorded in the court's journal," and that "[w]ithout the journalization of this information, there is no judgment of conviction pursuant to Crim.R. 32(C) and therefore, no final appealable order.")
 {¶ 15} We also note that the Miller decision included a footnote that read as follows:
 "Trial courts that utilize a form judgment entry must be certain that the form complies with this decision. The form must reflect the plea, the verdict or findings, the sentence, and the judge's signature. When that form is journalized by the clerk, it will comply with Crim.R. 32(C)" Miller, FN 1.
The trial court in this case used a form entry that does not comply with Crim.R. 32(C) as outlined above, in that it lacks a finding and the appropriate plea. The *Page 7 
order therefore is not final and appealable, and we lack jurisdiction to consider the merits of Defendant's appeal. Miller at ¶ 16. See, also,Sandlin, at *3.
 {¶ 16} In addition to the plea and the verdict or findings, Crim.R. 32(C) also requires that the sentence imposed by the trial court be included in the judgment entry. The trial court did include the sentence in this case, and therefore the judgment entry complies with Crim.R. 32(C) in that respect. Miller at ¶ 17.
 {¶ 17} The final element to be contained in a judgment entry according to Crim.R. 32(C) is the signature of the trial court judge. This entry contains the judge's signature, and therefore complies with Crim.R. 32(C) in that respect. Miller at ¶ 18.
 {¶ 18} Crim.R. 32(C) requires that the judgment entry containing each of the elements enumerated above be time stamped by the clerk to indicate journalization. This order does bear the clerk's time stamp, and has therefore been properly journalized in accordance with Crim.R. 32(C). Miller at ¶ 19.
 {¶ 19} A common-sense approach to analyzing our jurisdiction has appeal. Such an approach, however, is at odds with the plain language of Crim.R. 32. "[A] court may not add words to an unambiguous [rule], but must apply the [rule] as written." State v. Lowe, 112 Ohio St.3d 507,2007-Ohio-606, at ¶ 15, citing Portage Cty. Bd. of Commrs.,109 Ohio St.3d 106, 2006-Ohio-954, at ¶ 52. As appealing as a common sense approach may be, we are prohibited by the rules of interpretation from utilizing any meaning other than that meaning which is conveyed by the unambiguous language of Crim.R. 32. Moreover, every appellate *Page 8 
district which has addressed this issue has agreed with the interpretation reiterated by this Court in Miller. See, e.g., State v.Smith, 4th Dist. No. 05CA36, 2006-Ohio-5637; State v. Orlandi, 10th Dist. No. 05AP-917, 2005-Ohio-5801; State v. Ginocchio (1987),38 Ohio App.3d 105; State v. Teague (Sept. 28, 2001), 3d Dist. No. 9-01-25;State v. Breedlove (1988), 46 Ohio App.3d 78; State v. Adams (June 5, 1998), 2d Dist. No. 16761.
 {¶ 20} We do not find that Crim.R. 32 is in conflict with R.C.2505.02. This same argument was raised with respect to Civ.R. 54(B) in which an appeals court asserted that such a rule could not be used to enlarge or modify the substantive right contained in R.C. 2505.02. Such an argument was explicitly rejected by the Supreme Court inAlexander v. Buckeye Pipe Line Co. (1977), 49 Ohio St.2d 158, 159-60. In so holding, the Court noted that "the effect of Civ.R. 54(B) is purely procedural." Id. at 159. We are confident that the high court would rely upon similar reasoning with respect to Crim.R. 32. See, e.g.,Tripodo, supra. Specifically, the Supreme Court held that "[a]n announcement of a decision in a criminal case is not a final appealable order until the entry of judgment thereon is filed with the trial court." Tripodo, 50 Ohio St.2d at paragraph one of the syllabus. The Court went on to note as follows: "Crim.R. 32(B) [now Crim.R. 32(C)] now requires that a judgment in a criminal case be reduced to writing signed by the judge and entered by the clerk. An appeal prior to that time is now premature as is the notice of appeal therefrom." Id. at 127. Accordingly, we find that Crim.R. 32(C) is purely procedural and thus not in conflict with R.C. 2505.02. *Page 9 
Undoubtedly, it is these types of decisions which have resulted in the Supreme Court referring to this area of law as "the morass of the final-and-appealable-order statute." Gehm v. Timberline Post Frame, 112 Ohio St.3d 514, 2007-Ohio-607, at ¶ 7. However, we are a Court of limited jurisdiction and must abide by the limits which have been set forth.
 {¶ 21} Because the trial court's judgment entry fails to comply with Crim.R. 32(C), we dismiss this appeal for lack of subject matter jurisdiction on the grounds that the trial court has not rendered a final appealable order. As we held in Miller,
 "We encourage the trial court to enter a judgment entry as soon as possible that complies with Crim.R. 32(C). After the trial court files that entry, if Defendant desires to appeal, [she] must file a new notice of appeal. The parties may then move this Court to transfer the record from this appeal to the new appeal and to submit the matter on the same briefs as were filed in this case and we will consider the appeal in an expedited fashion. See, e.g., Sandlin, n. 4." Miller at ¶ 20.
Appeal dismissed.
Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(E). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this *Page 10 
judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.
Costs taxed to Appellant.
MOORE, J., CONCURS
DICKINSON, J., CONCURS, SAYING:
 {¶ 22} I concur with the majority's dismissal of this appeal. Although the defendant pleaded no-contest, the trial court's judgment did not include a finding that she was guilty and, therefore, was not a final, appealable order. I write separately to note that, although State v.Miller, 9th Dist. No. 06CA0046-M, 2007-Ohio-1353 sets forth the law in this district, I disagree with its reasoning.
 {¶ 23} Article IV, Section 3(B)(2), of the Ohio Constitution provides that courts of appeals "shall have such jurisdiction as may be provided by law" to review "judgments or final orders of the courts of record inferior to the court of appeals within the district." Pursuant to the authority afforded it by Article IV, Section 3(B)(2), the Ohio Legislature adopted Section 2953.02 of the Ohio Revised Code. Section2953.02 provides jurisdiction to courts of appeals to review "the judgment or final order of a court of record inferior to the court of appeals" in all criminal cases except certain capital cases. Additionally, also pursuant to the authority afforded it by Article IV, Section 3(B)(2), the Ohio *Page 11 
Legislature, in Section 2505.02(B) of the Ohio Revised Code, defined "final order" as that term is used in Section 2953.02. See State v.Roberts, 106 Ohio App. 30, 31 (1957). Subpart (1) of Section 2505.02(B) is the only part of that definition that is relevant to the issue in this case. That subpart provides that an order that "affects a substantial right in an action that in effect determines the action and prevents a judgment" is a "final order." R.C. 2505.02(B)(1). Accordingly, courts of appeals have jurisdiction to review all orders that "affect a substantial right in an action that in effect determines the action and prevents a judgment." Id
 {¶ 24} Rule 32(C) of the Ohio Rules of Criminal Procedure provides:
 A judgment of conviction shall set forth the plea, the verdict or findings, and the sentence. If the defendant is found not guilty or for any other reason is entitled to be discharged, the court shall render judgment accordingly. The judge shall sign the judgment and the clerk shall enter it on the journal. A judgment is effective only when entered on the journal by the clerk.
In Miller, this Court concluded that Rule 32(C) requires a judgment of conviction to include all of the following in order for it to be a final, appealable order:
 1. the plea;
 2. the verdict or findings;
 3. the sentence;
 4. the signature of the judge; and
 5. the time stamp of the clerk to indicate journalization. *Page 12 
Miller at ¶ 5. I agree that a judgment of conviction must include the sentence to be final. I also agree that it must be signed by the trial judge to constitute a judgment and bear the clerk's time stamp to show that it has been journalized. I do not agree, however, that it must include both "the plea" and either "the verdict or findings" before it is a final, appealable order.
 {¶ 25} I do not believe Rule 32(C) was intended to require a judgment of conviction to always include "the plea" and either "the verdict" or "findings." I believe the rule was intended to require inclusion of only one of the three manners in which a defendant's guilt can be determined. The one that should be included in a particular judgment of conviction is the one applicable to that case. If a defendant has pleaded guilty, the judgment of conviction should include that fact, but does not also need to include a verdict or findings. If a defendant has pleaded not guilty and was convicted following a jury trial, the judgment of conviction should include that the jury returned a guilty verdict, but does not also need to include that the defendant had pleaded not guilty. If a defendant pleaded not guilty and was tried to the court, the judgment of conviction should include that the court found the defendant guilty, but does not also need to include that the defendant had pleaded not guilty. Finally, if the defendant pleaded no-contest, the judgment of conviction should include that the court found the defendant guilty, but does not also need to include that the defendant had pleaded no-contest.
 {¶ 26} I acknowledge that the placement of the commas in the rule supports the Court's reading in Miller rather than mine. I believe, however, that the phrase *Page 13 
"the plea, the verdict or findings" was intended to be a series and that the inclusion of any one of the three, coupled with imposition of the sentence, satisfies the rule. Unfortunately, the drafters' omission of a comma before "or" and placement of a comma between "findings" and "and" argues against my reading. Assuming that "the plea, the verdict or findings" was intended to be a series, omission of the comma before "or" is acceptable punctuation, although that omission can lead to the very type of confusion that, I believe, is present in Rule 32(C). The placement of the comma before "and" is not so easily explained. I believe it was placed there by mistake.
 {¶ 27} The problem with reading Rule 32(C) as the Court did inMiller is that it requires more than is required by Section2505.02(B)(1) of the Ohio Revised Code. Inclusion of the applicable way in which the defendant's guilt was determined in the judgment of conviction, when coupled with imposition of sentence, "affects a substantial right in an action that in effect determines the action and prevents a judgment" and, therefore, makes that judgment a final, appealable order under Section 2953.02 of the Ohio Revised Code. R.C.2505.02(B)(1). My reading of Rule 32(C) implements Section 2505.02(B)(1) rather than conflicting with it.
 {¶ 28} Rule 32(C) was adopted pursuant to the authority provided the Ohio Supreme Court by Article IV, Section 5(B), of the Ohio Constitution:
 The supreme court shall prescribe rules governing practice and procedure in all courts of the state, which rules shall not abridge, enlarge, or modify any substantive right. . . . All laws in conflict *Page 14 
 with such rules shall be of no further force or effect after such rules have taken effect.
In Morgan v. Western Elec. Co. Inc., 69 Ohio St. 2d 278, 284 n. 11 (1982), the Ohio Supreme Court wrote that Article IV, Section 5(B), means that court rules control procedural matters while statutes control substantive questions:
 This constitutional amendment recognizes that where conflicts arise between the Civil Rules or Appellate Rules and the statutory law, the rule will control the statute on matters of procedure and the statute will control the rule on matters of substantive law.
There can be no doubt that, in defining the types of orders courts of appeals have jurisdiction to review, Section 2505.02(B)(1) is a substantive provision:
 If the statute is jurisdictional, it is a substantive law of this state, and cannot be abridged, enlarged, or modified by the Ohio Rules of Civil Procedure.
City of Akron v. Gay, 47 Ohio St. 2d 164, 165-166 (1976). If Rule 32(C) is read as this Court read it in Miller, it makes some judgments that are final under Section 2505.02(B)(1) non-final. To that extent, it conflicts with the substantive law as expressed in Section 2505.02(B)(1) and is ineffective.
 {¶ 29} In this case, the trial court's judgment is non-final because the defendant pleaded no-contest and the trial court failed to find her guilty. Accordingly, I concur in the dismissal of this appeal. *Page 1