{¶ 22} I concur with the majority's dismissal of this appeal. As I wrote in my concurring opinion in State v. Williams, Lorain App. No. 06CA008927, 2007-Ohio-1897, when a defendant pleads guilty, the trial court must include that fact in its judgment of conviction in order to render that judgment a final appealable order within the meaning of Section 2505.02(B)(1) of the Ohio Revised Code. Because the trial court failed to include in its judgment in this case that defendant had pleaded guilty, that judgment was not a final appealable order. I would dismiss this appeal based on this failure by the trial court.
 {¶ 23} As discussed in my concurring opinion in Williams, I do not believe that either Rule 32(C) or, more importantly, Section2505.02(B)(1) of the Ohio Revised Code requires a trial court to make a finding of guilt if a defendant has pleaded guilty. I acknowledge, however, that this Court has determined in State v. Miller, Medina App. No. 06CA0046-M, 2007-Ohio-1353, that such a finding of guilt is necessary. Accordingly, based on stare decisis, I concur in the majority's dismissal of this appeal for failure to include a finding of guilt in its judgment of conviction. *Page 1