OPINION ON MOTION TO DISMISS
{¶ 1} Appellee, T.A., has filed a motion to dismiss this appeal that appellant, the State of Ohio ("prosecution"), filed. Appellee contends that we have no jurisdiction to entertain the prosecution's appeal because the prosecution failed to seek and obtain leave to appeal. We agree.
 {¶ 2} R.C. 2945.67(A) governs appeals by the prosecution, and states, in pertinent part: *Page 2 
 A prosecuting attorney * * * may appeal as a matter of right any decision of a trial court in a criminal case, or any decision of a juvenile court in a delinquency case, which decision grants a motion to dismiss all or any part of an indictment, complaint, or information, a motion to suppress evidence, or a motion for the return of seized property or grants post conviction relief pursuant to sections 2953.21 to 2953.24 of the Revised Code, and may appeal by leave of the court to which the appeal is taken any other decision, except the final verdict, of the trial court in a criminal case or of the juvenile court in a delinquency case. * * *
 {¶ 3} In State v. Thompson, Franklin App. No. 03AP-841,2004-Ohio-3229, at ¶ 12, we recognized:
 [R.C. 2945.67(A)] grants the state a substantive, but limited, right of appeal. State v. Slatter (1981), 66 Ohio St.2d 452, 456-457, 423 N.E.2d 100; State v. Waller (1976), 47 Ohio St.2d 52, 55-56, 351 N.E.2d 195; State v. Kole (Sept. 29, 2000), Ashtabula App. No. 99-A-0015. Pursuant to the statute, the state's absolute right of appeal is available only where the trial court's decision falls within one of the four categories delineated in the statute, specifically, decisions granting: (1) a motion to dismiss all or part of an indictment, complaint, or information; (2) a motion to suppress evidence; (3) a motion for the return of seized property; and (4) a petition for post-conviction relief. State v. Matthews (1998), 81 Ohio St.3d 375, 377-378 * * *; [State v. Fraternal Order of Eagles (1991), 58 Ohio St.3d 166, 167] * * *.
 {¶ 4} In addition, in Thompson at ¶ 13, we stated:
 The state may appeal "any other decision" of the trial court, including general evidentiary rulings, but only if the state first obtains leave from the appellate court to take the appeal. R.C. 2945.67(A); Matthews, at 378, * * * (stating it is solely within the discretion of the reviewing court to grant or deny the state's motion for leave to appeal in a criminal case); State v. Arnett (1986), 22 Ohio St.3d 186, * * * syllabus (holding the state may be granted leave to appeal from a decision of the trial court on the admissibility of evidence, notwithstanding the acquittal of the defendant); State v. Keeton (1985), 18 Ohio St.3d 379, * * * syllabus (holding the *Page 3 
state may, by leave of the appellate court, appeal any decision of a trial court in a criminal case which is adverse to the state, except a final verdict). The state is not authorized to appeal final verdicts. See R.C. 2945.67(A); Keeton, supra.
 {¶ 5} Here, in its appellate brief, the prosecution asserts the following single assignment of error:
 IN A JUVENILE DELINQUENCY COMPLAINT, SEPARATELY CHARGED FIREARM SPECIFICATIONS ARE NOT REQUIRED BEFORE THE JUVENILE COURT CAN IMPOSE AN ADDITIONAL COMMITMENT OF ONE TO THREE YEARS TO THE DEPARTMENT OF YOUTH SERVICES FOR THE USE OF A FIREARM IN THE UNDERLYING OFFENSE.
In raising the above juvenile court sentencing matter, the prosecution is not appealing an issue that R.C. 2945.67(A) accords an appeal as of right. Rather, R.C. 2945.67(A) requires leave of court for the prosecution to appeal the issue.
 {¶ 6} In circumstances where R.C. 2945.67(A) requires leave of court to appeal, the prosecution must file a proper motion for leave to appeal. Thompson at ¶ 16; State v. Kole (Sept. 29, 2000), Ashtabula App. No. 99-A-0015; State v. Metz (Nov. 20, 1995), Washington App. No. 93CA18. Under such circumstances, if the prosecution initiates an appeal without filing the requisite motion for leave to appeal, the appellate court is divested from jurisdiction to entertain the appeal, and the appellate court must dismiss the appeal. Kole; Metz.
 {¶ 7} App.R. 5 governs the procedural requirements of a prosecution's motion for leave to appeal. See State v. Fisher (1988),35 Ohio St.3d 22, 25 (applying R.C. 2945.67[A]); see, also, State v. Wallace (1975),43 Ohio St.2d 1, syllabus (same). In particular, App.R. 5(C) states: *Page 4 
 When leave is sought by the prosecution from the court of appeals to appeal a judgment or order of the trial court, a motion for leave to appeal shall be filed with the court of appeals within thirty days from the entry of the judgment and order sought to be appealed and shall set forth the errors that the movant claims occurred in the proceedings of the trial court. The motion shall be accompanied by affidavits, or by the parts of the record upon which the movant relies, to show the probability that the errors claimed did in fact occur, and by a brief or memorandum of law in support of the movant's claims. Concurrently with the filing of the motion, the movant shall file with the clerk of the trial court a notice of appeal in the form prescribed by App. R. 3 and file a copy of the notice of appeal in the court of appeals. The movant also shall furnish a copy of the motion and a copy of the notice of appeal to the clerk of the court of appeals who shall serve the notice of appeal and a copy of the motion for leave to appeal upon the attorney for the defendant who, within thirty days from the filing of the motion, may file affidavits, parts of the record, and brief or memorandum of law to refute the claims of the movant.
 {¶ 8} Here, the prosecution did not file a motion for leave to appeal. Rather, relying on In re Keith (Sept. 25, 2001), Franklin App. No. 01AP-228, the prosecution contends that it need not have filed such a motion. In Keith, we stated an exception to the above-noted App.R. 5 leave requirements on R.C. 2945.67(A) prosecution appeals. Specifically, in Keith, we held that the prosecution was not required to file a motion for leave to appeal a juvenile court sentencing matter. We concluded as such because:
 * * * The Ohio Supreme Court * * * found in In re Anderson (2001), 92 Ohio St.3d 63, that juvenile court actions are civil proceedings, and appeals of such are governed by App.R. 4(A). * * * App.R. 4(A) does not require a motion for leave to appeal be filed by the prosecution, as App.R. 5 requires. * * *
 {¶ 9} However, for the reasons noted below, we decline to applyKeith here. In Keith, the prosecution initiated its appeal in 2001, and in In re Anderson, *Page 5 92 Ohio St.3d 63, 2001-Ohio-131, the case upon which Keith relied, the appeal was initiated in 1999. For both Keith and Anderson, the applicable version of App.R. 5 was titled "Appeals by Leave of Court in Criminal Cases[.]" Consequently, in Keith, we could not harmonize the application of App.R. 5 to prosecution appeals on juvenile court sentencing matters given the Ohio Supreme Court's holding in Anderson that juvenile court actions are civil proceedings.
 {¶ 10} Here, the prosecution initiated its appeal in 2007. As to the prosecution's appeal here, the applicable version of App.R. 5 is titled "Appeals by leave of court[,]" and App.R. 5 denotes its applicability to juvenile delinquency proceedings. Likewise, the staff notes to App.R. 5 indicate that the amendment to the rule "effective July 1, 2003, was in response to the Supreme Court's decision in In re Anderson (2001),92 Ohio St.3d 63, which held that adjudications of delinquency are not judgments to which [App.R. 5] applies. The amendment made [App.R. 5] apply to delinquency * * * proceedings."
 {¶ 11} Thus, the 2003 amendments to App.R. 5 rendered obsolete the reasons for our holding in Keith that the prosecution is not required to file a motion for leave to appeal a juvenile court sentencing matter. App.R. 5 is now aligned with R.C. 2945.67(A) leave of court requirements in regards to pertinent juvenile delinquency cases. Accordingly, we conclude that, pursuant to the applicable version of App.R. 5, in recognition of the leave of court requirements of R.C. 2945.67(A), and under the guidance of Thompson, Kole, and Metz, the prosecution was required to file an App.R. 5(C) motion for leave to appeal to initiate its appeal in this case. Because the *Page 6 
prosecution failed to file such a motion for leave to appeal, we are without jurisdiction to entertain the prosecution's appeal, and we grant appellee's motion to dismiss the appeal. See Thompson, Kole, andMetz.
Motion to dismiss granted, appeal dismissed.
 SADLER, P.J., and KLATT, J., concur. *Page 1