[Cite as *In re M.R.*, 2014-Ohio-945.]

# IN THE COURT OF APPEALS
# FIRST APPELLATE DISTRICT OF OHIO
# HAMILTON COUNTY, OHIO

IN RE: M.R. and M.M.   :   APPEAL NO. C-130736
TRIAL NO.  F98-1756z

:   *O P I N I O N.*

Civil Appeal From:  Hamilton County Juvenile Court

Judgment Appealed From Is:  Reversed and Cause Remanded

Date of Judgment Entry on Appeal:  March 14, 2014

*Hugh P. McCloskey Jr.* for Appellant Mother,

 *Joseph T. Deters*, Hamilton County Prosecuting Attorney, and *Ernest W. Lee*, Assistant Prosecuting Attorney, for Appellee Hamilton County Department of Job and Family Services,

*Raymond T. Faller*, Hamilton County Public Defender, and *Kimberly A. Helfrich*, for Appellee Guardian Ad Litem.

Please note:  this case has been removed from the accelerated calendar.

**HENDON**, **Presiding Judge.**

{¶1}    Mother appeals the trial court's judgment that adopted a magistrate's decision awarding permanent custody of her children, M.R. and M.M., to the Hamilton County Department of Job and Family Services ("HCJFS").  For the following reasons, we reverse the trial court's judgment and remand this cause for further proceedings.

{¶2}    On June 14, 2012, a magistrate awarded permanent custody of M.R. and M.M. to HCJFS.  Mother filed objections to the magistrate's decision. On November 12, 2012, the trial court conducted a hearing.  At the conclusion of the hearing, the court indicated that it would enter judgment within 60 days.  It did not.  And in fact, by September 2013, the court still had not ruled.  To compel a ruling, this court issued a writ of procedendo on September 18, 2013, ordering the trial court to enter judgment in this case by October 16, 2013.

{¶3}    On October 18, 2013, two days after its court-ordered deadline and more than 11 months after its hearing on mother's objections, the trial court entered judgment adopting the magistrate's decision.  In pertinent part the court stated:

> It is most unfortunate that Mother's counsel did not take the time to point this Court to the record with specific examples of Mother's compliance with case plan services and other efforts made by Mother to reunify with her children.  This Court thoroughly read the transcripts and identified many missed instances for Counsel to present a stronger argument for Mother, but did not.  Based upon undue time restraints placed on this Court, and the law requiring objecting parties to state their Objections [sic] with specificity and particularity, this Court, while obligated to read the transcripts, does not have time to rectify the shortcomings of Mother's legal arguments.

{¶4}    This appeal followed.

**{¶5}** Mother raises three assignments of error. Because mother's second assignment of error is dispositive of this appeal, we address it first.

**{¶6}** Mother contends in her second assignment of error that the trial court abused its discretion because it had found potential error in the magistrate's decision but did not address the error citing "undue time restraints." Mother is correct.

**{¶7}** Regardless of the level of specificity contained in mother's objections—an issue that we do not reach in this appeal—the court was nevertheless required to review the magistrate's decision before adopting it. Juv.R. 40(D)(4)(b); *In re N.G.*, 1st Dist. Hamilton Nos. C-130684 and C-130685, 2014-Ohio-720, ¶ 8. A court may not adopt the decision of a magistrate where there are errors of law or other defects evident on the face of the decision. Juv.R. 40(D)(4)(c). By its own admission, the trial court found error, but then claimed that it did not have the time to determine whether the error was prejudicial to mother. This ruling was in derogation of the trial court's duty under Juv.R. 40(D)(4)(c). And it was particularly egregious given the fact that the trial court's judgment in this case terminated mother's parental rights.

**{¶8}** The right of a parent to raise his or her child is considered an "essential" and a "basic" civil right. *In re Murray*, 52 Ohio St.3d 155, 157, 556 N.E.2d 1169 (1990). The Ohio Supreme Court has characterized the loss of this right as the family law equivalent of the death penalty. *In re Hayes*, 79 Ohio St.3d 46, 48, 679 N.E.2d 680 (1997). Because parental rights are considered basic and essential rights, parents in a dependency proceeding are to be given every procedural and substantive protection allowed. *Id.* at 48; *In re Etter,* 134 Ohio App.3d 484, 493, 731 N.E.2d 694 (1st Dist.1998). This did not occur here. The trial court's purported lack of time to adequately review the magistrate's decision is not an excuse for its failure to abide by Juv.R. 40. This is especially so in light of the fact that the court took more than 11 months to rule in this case.

**{¶9}** For these reasons, we find that the trial court's judgment was not only unreasonable but also utterly unconscionable. We therefore hold that the trial court abused its discretion in adopting the magistrate's decision. *See Blakemore v. Blakemore*, 5 Ohio St.3d 217, 219, 450 N.E.2d 1140 (1983). Mother's second assignment of error is sustained.

**{¶10}** Mother's first and third assignments of error are rendered moot by our disposition of mother's second assignment of error. We therefore decline to address them. *See* App.R. 12(A)(1)(c).

**{¶11}** The trial court's judgment is reversed. We remand this case to the trial court for further proceedings consistent with Juv.R. 40(D).

Judgment reversed and cause remanded.

**FISCHER** and **DEWINE, JJ.,** concur.

Please note:

The court has recorded its own entry on the date of the release of this opinion.