[Cite as *State v. Shipman*, 2012-Ohio-2377.]

COURT OF APPEALS
STARK COUNTY, OHIO
FIFTH APPELLATE DISTRICT


| | | |
|---|---|---|
| STATE OF OHIO | : | JUDGES: |
| | : | Hon. Patricia A. Delaney, P.J. |
| Plaintiff-Appellant | : | Hon. Sheila G. Farmer, J. |
| | : | Hon. William B. Hoffman, J. |
| -vs- | : | |
| | : | |
| JUSTIN MICHAEL SHIPMAN | : | Case No. 2011CA00251 |
| | : | |
| Defendant-Appellee | : | O P I N I O N |


CHARACTER OF PROCEEDING:          Appeal from the Court of Common
                                  Pleas, Case No. 2011CR0756



JUDGMENT:                         Dismissed



DATE OF JUDGMENT:                 May 29, 2012



APPEARANCES:

For Plaintiff-Appellant                    For Defendant-Appellee

JOHN D. FERRERO                            BARRY T. WAKSER
Prosecuting Attorney                       200 Tuscarawas Street West
                                           Suite 200
By: RONALD MARK CALDWELL                   Canton, OH  44702
Assistant Prosecuting Attorney
110 Central Plaza South
Suite 510
Canton, OH  44702

*Farmer, J.*

{¶1} On June 28, 2011, the Stark County Grand Jury indicted appellee, Justin Michael Shipman, on one count of possession of cocaine, a felony in the third degree, and one count of possession of marijuana, a minor misdemeanor, in violation of R.C. 2925.11.

{¶2} A jury trial on the cocaine count commenced on August 15, 2011 as appellant had pled guilty to the marijuana count. The jury found appellant guilty. By judgment entry filed August 31, 2011, the trial court sentenced appellant to three years in prison.

{¶3} On September 26, 2011, appellee filed a motion for judicial release. By judgment entry filed October 25, 2011, the trial court granted the motion and placed appellee on community control for three years.

{¶4} Appellant, the state of Ohio, filed an appeal and this matter is now before this court for consideration. Assignment of error is as follows:

I

{¶5} "THE TRIAL COURT LACKS AUTHORITY TO IGNORE THE IMPLEMENTATION PROVISIONS OF HOUSE BILL 86 AND APPLY ITS PROVISIONS TO DEFENDANTS IN APPLICABLE DRUG CASES WHO WERE SENTENCED PRIOR TO THE EFFECTIVE DATE OF HOUSE BILL 86, AND THEREFORE ERRED IN GRANTING JUDICIAL RELEASE TO A DEFENDANT WHO WAS SERVING A MANDATORY PRISON TERM."

I

{¶6} Appellant claims the trial court erred in granting appellee judicial release.

**{¶7}** First, we must address appellee's motion to dismiss the appeal which he filed on December 27, 2011. In his motion, appellee argues because appellant did not seek leave to appeal pursuant to App.R. 5(C), appellant did not properly perfect its appeal. We note although appellant has a right to appeal a sentence that is contrary to law under R.C. 2953.08(B)(2), subsection (B)(3) permits appeals to a sentence modification under R.C. 2729.20 (judicial release) for felonies of first and second degrees only. This case involved a sentence modification on a felony of the third degree.

**{¶8}** In *State v. Cunningham,* 113 Ohio St.3d 108, 2007-Ohio-1245, paragraph one of the syllabus, the Supreme Court of Ohio held, "R.C. 2953.08(B)(2) does not authorize a prosecuting attorney to appeal the modification of a sentence granting judicial release for a felony of the third, fourth, or fifth degree."

**{¶9}** In this case, appellee was granted judicial release on a third degree felony, possession of crack cocaine in violation of R.C. 2925.11(A). At the time of sentencing on August 31, 2011, appellee was sentenced to a three year prison term pursuant to R.C. 2925.11(C)(4)(c) which stated the following:

**{¶10}** "(c) If the amount of the drug involved equals or exceeds ten grams but is less than twenty grams of cocaine, *possession of cocaine is a felony of the third degree, and, except as otherwise provided in this division, there is a presumption for a prison term for the offense.* If possession of cocaine is a felony of the third degree under this division and if the offender two or more times previously has been convicted of or pleaded guilty to a felony drug abuse offense, *the court shall impose as a mandatory*

*prison term one of the prison terms prescribed for a felony of the third degree.*
(Emphasis added.)

**{¶11}** Admittedly, appellee's three year sentence did not qualify him for judicial release.

**{¶12}** On September 30, 2011, H.B. No. 86 took effect which changed Ohio's felony sentencing laws. Pertinent to this appeal are the amendments made to R.C. 2925.11 changing appellee's offense to a felony in the fourth degree with mandatory community control under certain circumstances [R.C. 2929.13(B)]. After the effective date of H.B. No. 86, the trial court granted appellee judicial release on October 25, 2011. Appellant filed an appeal on November 3, 2011 challenging the trial court's order.

**{¶13}** Upon review, we find this fact pattern to be analogous to the case of *State v. Sparks,* 178 Ohio App.3d, 272, 2008-Ohio-4664. In *Sparks,* our brethren from the Fourth District applied the *Cunningham* decision and granted a motion to dismiss the appeal. Based upon *Cunningham,* we hereby grant appellee's motion to dismiss. The assignment of error is moot.

By Farmer, J.

Delaney, P.J. and

Hoffman, J. concur.

/ Sheila G. Farmer_____

s/ Patricia A. Delaney_____

s/ William B. Hoffman_____
　　　　JUDGES

SGF/sg 509

IN THE COURT OF APPEALS FOR STARK COUNTY, OHIO

FIFTH APPELLATE DISTRICT

| | | |
|---|---|---|
| STATE OF OHIO | : | |
| | : | |
| Plaintiff-Appellant | : | |
| | : | |
| -vs- | : | JUDGMENT ENTRY |
| | : | |
| JUSTIN MICHAEL SHIPMAN | : | |
| | : | |
| Defendant-Appellee | : | CASE NO. 2011CA00251 |

For the reasons stated in our accompanying Memorandum-Opinion, this appeal is dismissed.  Costs to appellant.

/ Sheila G. Farmer_____

s/ Patricia A. Delaney_____

s/ William B. Hoffman_____
JUDGES