**IN RE M.M.**

**[Cite as *In re M.M.,* 135 Ohio St.3d 375, 2013-Ohio-1495.]**

*Appellate procedure—State's right to appeal after acquittal—R.C. 2945.67(A)—*
*Juvenile cases—State may not pursue discretionary appeal when it fails to*
*take an appeal as of right in accordance with applicable rules of*
*procedure.*

(No. 2012-0250—Submitted February 5, 2013—Decided April 17, 2013.)

APPEAL from the Court of Appeals for Cuyahoga County,

No. 96776, 2011-Ohio-6758.

_____

SYLLABUS OF THE COURT

In juvenile cases, the state is not authorized to pursue a discretionary appeal when
it fails to take an appeal as of right in accordance with the applicable rules
of procedure.

_____

**O'CONNOR, C.J.**

{¶ 1} This appeal presents an important issue of public interest, that is,
the scope of the state's right to appeal in juvenile cases. For the reasons
explained, we hold that in juvenile cases, the state is not authorized to pursue a
discretionary appeal when it fails to take an appeal as of right in accordance with
the applicable rules of procedure.

{¶ 2} The Eighth District reached the correct result in this case, but it did
so by relying on a dissent in *State v. Arnett*, 22 Ohio St.3d 186, 489 N.E.2d 284
(1986). In contrast, appellant, the state of Ohio, relies on our majority opinion in
*Arnett*, as well as our later decision in *State v. Bistricky*, 51 Ohio St.3d 157, 555
N.E.2d 644 (1990), which cited *Arnett* with approval. *Id.* at 159. This opinion

will affirm the judgment of the court of appeals, limit *Arnett* to its facts, and explain the scope of *Bistricky,* thereby providing clarity to a somewhat confusing area.

**FACTS AND PROCEDURAL HISTORY**

*The charges*

**{¶ 3}**  On September 29, 2009, the state filed seven complaints against appellee, M.M., a juvenile, alleging that he was delinquent for engaging in conduct that, if he had been an adult, would have constituted rape and gross sexual imposition.  The alleged victims were siblings, M.J., A.R., K.R., and C.R. The complaints each charged that the conduct had occurred between October 2008 and January 2009, when M.M. was 12 years old and the alleged victims were 8, 6, 4, and 2, respectively.

*Pretrial proceedings*

**{¶ 4}**  On April 22, 2010, the state filed a notice of its intention to introduce statements that M.J. and A.R. made to Lauren Krol, a social worker for the Cleveland Police Department Sex Crimes and Child Abuse Unit.  The state argued that the statements are admissible under Evid.R. 807,[1] which permits

---

1. Evid.R. 807(A) provides:

> An out-of-court statement made by a child who is under twelve years of age at the time of trial or hearing describing any sexual act performed by, with, or on the child or describing any act of physical violence directed against the child is not excluded as hearsay under Evid.R. 802 if all of the following apply:

> (1) The court finds that the totality of the circumstances surrounding the making of the statement provides particularized guarantees of trustworthiness that make the statement at least as reliable as statements admitted pursuant to Evid.R. 803 and 804. The circumstances must establish that the child was particularly likely to be telling the truth when the statement was made and that the test of cross-examination would add little to the reliability of the statement. In making its determination of the reliability of the statement, the court shall consider all of the circumstances surrounding the making of the statement, including but not limited to spontaneity, the internal consistency of the statement, the mental state of the child, the child's motive or lack of motive to fabricate, the child's use of terminology unexpected of a child of similar age,

admission of certain hearsay statements made by child victims about physical or sexual abuse. *Id.*

{¶ 5} On October 28, 2010, a magistrate held an evidentiary hearing on a motion in limine filed by M.M., which sought exclusion of all out-of-court statements made by any of the alleged victims.

{¶ 6} The magistrate determined that M.J., A.R., and K.R. were competent to testify at trial but that C.R., who was two years old at the time of the alleged conduct, was not competent to testify. The magistrate further concluded that because M.J. and A.R. were competent to testify at trial, Evid.R. 807 does not permit admission of their statements, as the rule excludes such statements as hearsay when the child's testimony is reasonably obtainable. Evid.R. 807(A)(2). For that reason, the magistrate determined that the state was precluded from introducing at trial "any statements by the alleged victims."

{¶ 7} The state did not move to set aside the magistrate's decision even though it had the right to do so no later than ten days after the adverse order was issued. Juv.R. 40(D)(2)(b). The state also failed to perfect an interlocutory appeal

---

the means by which the statement was elicited, and the lapse of time between the act and the statement. In making this determination, the court shall not consider whether there is independent proof of the sexual act or act of physical violence.

(2) The child's testimony is not reasonably obtainable by the proponent of the statement.

(3) There is independent proof of the sexual act or act of physical violence.

(4) At least ten days before the trial or hearing, a proponent of the statement has notified all other parties in writing of the content of the statement, the time and place at which the statement was made, the identity of the witness who is to testify about the statement, and the circumstances surrounding the statement that are claimed to indicate its trustworthiness.

as of right to the Eighth District, pursuant to Juv.R. 22(F). Instead, the case proceeded to trial.

*The trial*

{¶ 8} At trial, the state's primary witnesses were M.J., A.R., K.R., their mother, S.H.,[2] and the social worker, Krol.

{¶ 9} S.H. testified that she was dating M.M.'s older brother, and from October 2008 to January 2009, she and her children lived with M.M., M.M.'s older brother, and their mother. In January 2009, S.H., who was pregnant, developed a kidney infection. S.H. testified that while she was lying sick on the kitchen floor in need of medical assistance, M.M.'s mother accused her of fabricating the pregnancy and illness and "literally walked over [her] body." As a result, S.H. realized that she was not welcome at the house and that she and her children needed to move out. S.H. left the house by ambulance; however, her children remained. After she was released from the hospital, she went back to the home only to collect her children and her belongings.

{¶ 10} S.H. testified that thereafter, the children disclosed to an adult cousin that M.M. had sexually abused them. The cousin told S.H. and she, in turn, reported the abuse to the police. As a result, in March 2009, Krol contacted S.H. and arranged to interview the children about the allegations.

{¶ 11} Krol is an intake sex-abuse social worker who investigates referrals from the child-abuse hotline, 696-KIDS. She testified that in her professional capacity, she investigates allegations of sexual abuse, makes referrals, ensures the safety of children, and provides services to the children's families. In response to a defense objection to a question about what the children said in the interview, the prosecuting attorney argued that Evid.R. 803(4),[3] which

---

2. S.H. is an adult, but we use her initials in order to protect the identity of her children.

3. Evid.R. 803 provides:

provides for admission of statements made for the purpose of medical treatment, justified the admission of Krol's testimony about statements that M.J. and A.R. made to her. The trial court overruled the objection and admitted the evidence under Evid.R. 803(4), but in doing so, ruled that the statements were admissible only to explain Krol's subsequent actions on behalf of the children. The trial court did not consider the children's out-of-court statements as substantive evidence of M.M.'s alleged conduct, thereby adhering to the pretrial ruling with regard to admissibility of the statements under Evid.R. 807. Thus, the state's only direct evidence of M.M.'s alleged conduct came from the testimony of the alleged victims at trial.

{¶ 12} But the state's efforts to elicit coherent testimony from the children about the alleged abuse by M.M. were unavailing. The children's answers on the stand were confused and unfocused.

{¶ 13} M.J. testified that M.M. did "inappropriate things" to his sisters and to him, but he could not remember what those things were. A.R. testified that M.M. had requested that she do something that she did not want to do, but she also testified that she did not know how to describe what M.M. had requested that she do. A.R. further testified that she saw M.M. "laying on" M.J., but she was unable to describe what M.M. was doing to him. When asked if she saw anything

---

The following are not excluded by the hearsay rule, even though the declarant is available as a witness:

* * *

(4) Statements for purposes of medical diagnosis or treatment. Statements made for purposes of medical diagnosis or treatment and describing medical history, or past or present symptoms, pain, or sensations, or the inception or general character of the cause or external source thereof insofar as reasonably pertinent to diagnosis or treatment.

happen to her sister C.R. while they were living with M.M., K.R. testified that she had, but she was not asked any further questions.

**{¶ 14}** At the close of the state's case, the prosecuting attorney renewed her argument that the children's out-of-court statements were admissible under Evid.R. 807, contending that even though they were competent to testify, their failure to provide answers in court made their testimony "not reasonably obtainable" within the meaning of the rule. The trial court was not persuaded and did not allow the out-of-court statements into evidence. At that point, the defense moved for dismissal pursuant to Juv.R. 29. The court granted the motion, dismissing all counts.

*The appeal*

**{¶ 15}** The state sought leave to file a discretionary appeal, pursuant to R.C. 2945.67(A). In doing so, it argued that appellate review of the trial court's exclusion of evidence was permissible under our decision in *State v. Bistricky*, 51 Ohio St.3d 157, 555 N.E.2d 644. Although leave to appeal was initially granted, after briefing and oral argument, the court of appeals determined that leave to appeal had been improvidently granted and therefore dismissed the appeal. *In re M.M.*, 8th Dist. No. 96776, 2011-Ohio-6758.

**{¶ 16}** In so holding, the Eighth District explained that *Bistricky* permits courts of appeals in cases of acquittal to address substantive issues that are capable of repetition yet evading review. *Id.* at ¶ 9. But because an adequate interlocutory remedy provided the state with "the means to correct any perceived error before the adjudicatory hearing," the court of appeals concluded that the evidentiary issues will not escape future review. *Id.,* citing *State v. Arnett*, 22 Ohio St.3d at 188-191, 489 N.E.2d 284 (Celebrezze, C.J., dissenting).

**{¶ 17}** We accepted review of the state's discretionary appeal. *In re M.M.*, 131 Ohio St.3d 1539, 2012-Ohio-2025, 966 N.E.2d 893.

**QUESTION PRESENTED**

**{¶ 18}** The sole proposition of law before us asserts:

The right to file an appeal pursuant to *State v. Bistricky*, 51 Ohio St.3d 157, 555 N.E.2d 644 (1990), is not waived if the state does not pursue an interlocutory remedy under Crim.R. 12(K)[4] and Juv.R. 22(F). The existence of interlocutory remedies does not preclude the state from appealing substantive legal issues involving the suppression or exclusion of evidence pursuant to *Bistricky*.

**{¶ 19}** We reject the state's proposition because it both lacks statutory support and ignores a governing rule of procedure.

**ANALYSIS**

**{¶ 20}** As a threshold issue, we must explain that the state's proposition contains a red herring. Contrary to the state's framing of the issue, *Bistricky* cannot and does not answer the question before us, because only a statute, not a decision of this court, can imbue the state with a substantive right to appeal. We will fully explain the proper place for *Bistricky,* but first we turn our attention to a discussion of the controlling law.

*R.C. 2945.67(A)*

**{¶ 21}** The Ohio Constitution confers jurisdiction upon the courts of appeals to "review and affirm, modify, or reverse" a lower court's judgment or final order. Ohio Constitution, Article IV, Section 3(B)(2); *Cincinnati Polyclinic v. Balch*, 92 Ohio St. 415, 111 N.E. 159 (1915), paragraph one of the syllabus.

---

4. Although Crim.R. 12(K) is similar to Juv.R. 22(F), it differs in some respects. Because Juv.R. 22(F) is the only rule that applies in this case, we disregard the state's reference to Crim.R. 12(K) because any discussion of it would be advisory.

But the General Assembly—and the General Assembly alone—has the authority to provide by law the method of exercising that jurisdiction. *Id.*

{¶ 22} In an exercise of that authority, the General Assembly enacted R.C. 2945.67, which grants the state limited rights to appeal in criminal and juvenile cases. *State v. Davidson*, 17 Ohio St.3d 132, 134, 477 N.E.2d 1141 (1985); *In re A.J.S.,* 120 Ohio St.3d 185, 2008-Ohio-5307, 897 N.E.2d 629, ¶ 30. Absent R.C. 2945.67, the state has no substantive right to appeal trial-court decisions in criminal cases.[5] *See Davidson.*

{¶ 23} R.C. 2945.67 provides:

> (A) A prosecuting attorney * * * may appeal as a matter of right any decision of a trial court in a criminal case, or any decision of a juvenile court in a delinquency case, which decision grants * * * a motion to suppress evidence * * * and may appeal by leave of the court to which the appeal is taken any other decision, except the final verdict, of the trial court in a criminal case or of the juvenile court in a delinquency case.

{¶ 24} The state's right to appeal certain decisions as of right originates in the first clause of R.C. 2945.67(A). *Davidson* at 134; *see also State v. Wallace*, 43 Ohio St.2d 1, 2, 330 N.E.2d 697 (1975). The state's right to appeal "any other decision" by leave of court originates in the second.

{¶ 25} Notably, the right to appeal by leave of court is defined by reference to the right to appeal as a matter of right. First, the General Assembly defined the class of rulings of which the state may, without leave of court, obtain

---

5. We recognize that R.C. 2953.08(B) authorizes the state to appeal felony sentences under limited circumstances and that R.C. 2953.14 authorizes the state to appeal adverse decisions from the courts of appeals and from this court. Neither of those statutes, however, is implicated here.

appellate review. This class includes a decision that grants a motion to suppress, as here.

{¶ 26} In the same sentence, the General Assembly provided for discretionary appeals of "any other decision." Thus, R.C. 2945.67(A) makes clear that the state's right to a discretionary appeal is exclusive of any absolute right to appeal.

{¶ 27} We reject the state's unsound position, which would result in the state having an option to seek leave to appeal pursuant to R.C. 2945.67(A) regarding a suppression ruling either immediately upon the ruling or later after the delinquency adjudication. Such a position ignores the General Assembly's use of the word "other" in the statute. *State ex rel. Charvat v. Frye*, 114 Ohio St.3d 76, 2007-Ohio-2882, 868 N.E.2d 270, ¶ 23 (in construing a statute, a court may not delete or add words). Indeed, the proposition implicitly asserts that the state has the right to seek leave to appeal "any decision," including a decision regarding the suppression of evidence that is clearly referred to in the first clause of the statute as a decision that is appealable by the state "as a matter of right." Given the limited nature of the state's appellate rights, that assertion cannot be true. The plain language of R.C. 2945.67(A) refutes the state's position that it has the right to seek leave to appeal "any decision," including one that it already has a right to appeal without seeking leave. An attempt to fuse the two renders the words of the statute meaningless. We also reject any argument that the word "other" modifies the phrase "except the final verdict" because that construction renders the word "other" superfluous.

{¶ 28} So, there is no statutory authority—and therefore no authority whatsoever—for a discretionary appeal when the state has the right to appeal without regard to the discretion of the appellate court. Having explained the state's substantive rights to an appeal without seeking leave, we turn our attention to the procedure that the state must follow in exercising that right.

*Juv.R. 22(F)*

**{¶ 29}** In order to exercise its substantive right to appeal, the state must comply with the relevant rules of procedure. *Wallace,* 43 Ohio St.2d at 2-3, 330 N.E.2d 697.

**{¶ 30}** In *Wallace*, the state filed a criminal complaint against the defendant, charging him with failure to plug unproductive wells in violation of R.C. 1509.12. Wallace successfully sought dismissal on the ground that R.C. 1509.12 was unconstitutional. The state filed a notice of appeal pursuant to App.R. 4(B), but failed to comply with the requirement contained in R.C. 2945.67 to obtain leave to appeal. The court of appeals dismissed the appeal because the state's failure to comply with the statute deprived it of jurisdiction. We affirmed.

**{¶ 31}** In so doing, we explained that the state's substantive right to appeal originates only in a legislative grant of authority. *Id.* at 2. And "the grant apparent in R.C. 2945.67 * * * was dependent upon an application for leave to appeal being allowed by the appellate court." *Id.* Therefore, the statutory requirement of obtaining leave, rather than governing procedure, constituted a condition precedent necessary to trigger a substantive right. *Id.*

**{¶ 32}** Because the state failed to comply with the statutory requirement to seek leave to appeal in *Wallace*, we held that the court of appeals correctly dismissed the appeal for lack of jurisdiction. But we also explained that "[i]n all other respects" the procedures outlined by the statute are superseded by the requirements of the Appellate Rules. *Id.* at 2-3.

**{¶ 33}** Here too, the state must comply with the controlling procedural rule.

**{¶ 34}** Juv.R. 22(F) provides:

> In delinquency proceedings the state may take an appeal as
> of right from the granting of a motion to suppress evidence if, in

addition to filing a notice of appeal, the prosecuting attorney certifies that (1) the appeal is not taken for the purpose of delay and (2) the granting of the motion has rendered proof available to the state so weak in its entirety that any reasonable possibility of proving the complaint's allegations has been destroyed.

Such appeal shall not be allowed unless the notice of appeal and the certification by the prosecuting attorney are filed with the clerk of the juvenile court within seven days after the date of the entry of the judgment or order granting the motion. Any appeal which may be taken under this rule shall be diligently prosecuted.

**{¶ 35}** Juv.R. 22(F) plainly requires the state to file an interlocutory appeal if it wishes to seek review of an adverse decision that suppresses evidence. And it must do so, if at all, within seven days of the adverse decision. It further requires the prosecutor to certify that the appeal is not taken for purposes of delay and that the exclusion of the evidence seriously jeopardizes the state's case. The importance of the certification requirement is obvious, as the proceedings are to be halted until the issues of admissibility of evidence are decided on appeal. The existence of an interlocutory appeal is necessary to ensure a fair trial for both the defendant and the state. It also serves judicial economy. We need not quibble over "waiver" or "forfeiture." We simply hold that the state failed to follow the mandatory procedure set forth in Juv.R. 22(F), and it therefore failed to exercise its substantive right to appeal.

### Bistricky *is inapposite*

**{¶ 36}** The state makes a colorable (but meritless) argument that *Bistricky* recognizes an alternative right to appeal. There is undeniable confusion that stems from our decisions in *Bistricky*, 51 Ohio St.3d 157, 555 N.E.2d 644; *State v.*

*Keeton*, 18 Ohio St.3d 379, 481 N.E.2d 629 (1985); and *State v. Arnett*, 22 Ohio St.3d 186, 489 N.E.2d 284.

{¶ 37} In *Bistricky*, the state charged five police officers with drug trafficking. After the state's case in chief, the trial court entered a verdict in favor of the officers on the basis that they were exempt from prosecution under R.C. 3719.14(B) (police officer is exempt from drug laws when offer to sell is necessary for performance of job-related duty). The state sought leave to appeal the exemption determination. In doing so, it expressly conceded that double-jeopardy principles prohibited the retrial of defendants, but asserted that the court of appeals could grant leave to appeal the legal basis of the ruling granting acquittal. The court of appeals dismissed the appeal for lack of jurisdiction. We accepted the state's discretionary appeal.

{¶ 38} We construed R.C. 2945.67(A)'s language "any other decision, except the final verdict." *Id.* at 159. In doing so, we held that this second clause of R.C. 2945.67(A) authorizes a court of appeals to review substantive legal rulings when such rulings result in a judgment of acquittal, as long as the state does not appeal the verdict. *Id.* at 160. Accordingly, we remanded the case for the court of appeals to exercise its discretion to decide whether it would accept the state's appeal. *Id.*

{¶ 39} *Bistricky* simply reaffirmed what we had already held, that "even in a case resulting in a judgment of acquittal, the prosecution may appeal from evidentiary rulings, such as admissibility of evidence * * *." *Id.* at 159, citing *Keeton* and *Arnett*. And we emphasized that *Keeton* and *Arnett* expressly permitted discretionary appeals of evidentiary rulings on the authority of the "any other decision" clause of R.C. 2945.67(A). *Bistricky* at 159.

{¶ 40} Because we could discern no distinction between evidentiary rulings and rulings on substantive issues of law, we extended *Keeton* and *Arnett* and held that the state also had the right to seek discretionary review of

nonevidentiary, substantive rulings under the authority of the "any other decision" clause of R.C. 2945.67(A). *Bistricky* at 159-160.

{¶ 41} But as we will explain, a salient point of *Keeton* has been lost.

{¶ 42} In *Keeton*, three defendants were indicted for robbery in connection with their alleged attempt to lure a truck driver into a gambling scheme. When the truck driver refused to participate, the defendants allegedly stole his money and fled. Police pursued, detained, and searched the three men. As a result, an officer removed a roll of four $20 bills from Keeton's pocket. After the defendants were transported to the police department, the officer removed additional sums of money from the defendants' pockets.

{¶ 43} Because the officer's trial testimony concerning his custody of the money conflicted with his testimony at a preliminary hearing, the trial court excluded the money from evidence. As a result, the trial court directed a judgment of acquittal, pursuant to Crim.R. 29. The state sought leave to appeal, but the court of appeals held that it lacked jurisdiction. We reversed.

{¶ 44} We held that the appeal was reviewable under the "any other decision" clause of R.C. 2945.67(A). 18 Ohio St.3d at 381, 481 N.E.2d 629. But we emphasized that "the evidentiary rulings in this case, while they do not fall within the provisions of R.C. 2945.67(A) granting an appeal as of right, do fall within the language of 'any other decision, except the final verdict * * *' in R.C. 2945.67(A) which permits an appeal to the court of appeals after leave has first been obtained." *Id.*

{¶ 45} Moreover, we expressly cautioned that the state must comply with the procedural requirements explained in *Wallace*. *Id.* *Keeton*, unlike this case, did not involve review of a decision listed in the first clause of R.C. 2945.67(A). And *Keeton*, unlike this case, did not involve a mandatory rule of procedure. Less than one year later, we glossed over that important distinction in *Arnett*, thereby

creating precedent for the state's ill-conceived proposition in this case. And as we have already explained, we compounded the problem in *Bistricky*.

{¶ 46} In *Arnett*, 22 Ohio St.3d 186, 489 N.E.2d 284, the defendant was charged with murder but claimed self-defense. At trial, over the state's objection, he supported his claim with the expert testimony of a psychiatrist and a psychologist, who testified that they had used sodium amytal and hypnosis, respectively, to interview Arnett about his mental state during the shooting. Both testified that in their opinions, Arnett was intensely fearful. After the jury acquitted Arnett, the state sought leave to appeal the admission of the expert testimony. The court of appeals dismissed the appeal, holding that the acquittal precluded review of the evidentiary rulings.

{¶ 47} In a brief opinion, composed mostly of *Keeton* excerpts, we reversed. *Arnett* at 188. The majority explained only that a "comparable situation was presented to this court in *Keeton*." *Arnett* at 187. And we used broad language in our syllabus: "Pursuant to R.C. 2945.67(A), a court of appeals has jurisdiction to grant the state leave to appeal from a decision of the trial court on the admissibility of evidence, notwithstanding the acquittal of the defendant."

{¶ 48} The decisions in *Keeton, Arnett*, and *Bistricky* have caused some confusion. *Keeton* and *Bistricky* involved appeals under the "any other decision" clause of R.C. 2945.67(A), i.e., the state had no absolute right to pursue an immediate interlocutory appeal, but had to seek leave from the appellate court. *Arnett* did not make clear which clause of R.C. 2945.67(A) was being applied. *Bistricky*'s discussion of "substantive" versus "evidentiary" rulings and *Arnett*'s lack of clarity made it possible for the state to argue here that this court has granted the state a right to seek a discretionary appeal even in cases involving the first clause of R.C. 2945.67(A). That is not correct. Only the legislature—not a court—can imbue a party with a right to appeal, discretionary or otherwise. The state's reference to its "right to file an appeal pursuant to *Bistricky*" is mistaken,

as is its discussion of waiver. Whatever right to an appeal the state may have is limited to what is granted in the statute. Here, that right is found in the first clause of R.C. 2945.67(A). The second clause of the statute grants a discretionary appeal for any "other" decisions. Both clauses cannot apply to the same decision. Thus, the state in this case is limited to an immediate interlocutory appeal.

{¶ 49} Tellingly, the Eighth District in this case cites not *Arnett*, but its dissent.

{¶ 50} That is why we seize this opportunity to limit *Arnett* to its facts and make clear that a discretionary *Bistricky* appeal does not exist when the state fails to perfect an appeal as a matter of right in accordance with the applicable rules of procedure. To hold otherwise would render meaningless the importance of procedural compliance when invoking the jurisdiction of the courts of appeal.

### CONCLUSION

{¶ 51} In juvenile cases, the state is not authorized to pursue a discretionary appeal when it fails to take an appeal as of right in accordance with the applicable rules of procedure. For that reason, the Eighth District Court of Appeals properly determined that it lacked jurisdiction to decide the merits of the state's appeal. Accordingly, the court of appeals' judgment is affirmed.

Judgment affirmed.

LANZINGER, KENNEDY, FRENCH, and O'NEILL, JJ., concur.

PFEIFER and O'DONNELL, JJ., dissent and would dismiss the appeal as having been improvidently accepted.

_____

Timothy J. McGinty, Cuyahoga County Prosecuting Attorney, and Daniel T. Van, Assistant Prosecuting Attorney, for appellant.

Robert L. Tobik, Cuyahoga County Public Defender, and John T. Martin, Assistant Public Defender, for appellee.

Timothy Young, Ohio Public Defender, and Jason Macke, Assistant Public Defender, urging affirmance for amicus curiae, Ohio Public Defender.

_____