[Cite as *In re T.D.*, 2014-Ohio-1752.]

# IN THE COURT OF APPEALS
# FIRST APPELLATE DISTRICT OF OHIO
# HAMILTON COUNTY, OHIO

IN RE: T.D.

:

APPEAL NOS. C-130726
C-130727

:

TRIAL NOS. 13-7331Z
13-7332Z

:

*O P I N I O N.*

Appeals From: Hamilton County Juvenile Court

Judgments Appealed From Are: Appeals Dismissed

Date of Judgment Entry on Appeal: April 25, 2014

*Joseph T. Deters*, Hamilton County Prosecuting Attorney, and *Rachel Lipman Curran*, Assistant Prosecuting Attorney, for Appellant State of Ohio,

*Christopher P. Kapsal*, for Appellee T.D.

Please note: this case has been removed from the accelerated calendar.

**DINKELACKER, Presiding Judge.**

{¶1} Appellant, the state of Ohio, appeals from decisions of the Hamilton County Juvenile Court committing a juvenile to the Department of Youth Services ("DYS"), then suspending that commitment, placing the juvenile on probation, and referring him for placement in a school program. We cannot reach the issue raised in the state's assignment of error because we hold that we have no jurisdiction to hear the appeals.

{¶2} The record shows that Springfield Township Police filed two complaints alleging that T.D. was delinquent for committing acts which, had they been committed by an adult, would have constituted the offenses of felonious assault and aggravated burglary, both with firearm specifications. The state filed motions to relinquish jurisdiction over T.D. under Juv.R. 30. Subsequently, T.D. agreed to admit to the charges in exchange for the cases remaining in juvenile court.

{¶3} At a dispositional hearing, the juvenile court committed T.D. to DYS for one year, up to age 21, on the aggravated-burglary and felonious-assault charges. The court also committed him for one year on each of the firearm specifications. Then, the court ordered T.D.'s commitment to be suspended, placed him on probation, and referred him for placement in the Rite of Passage program at Hillcrest school.

{¶4} In its sole assignment of error, the state contends that the trial court erred in suspending T.D.'s commitment to DYS and placing him on probation. It argues that commitment to DYS, without suspension, was mandatory under R.C. 2152.17(A)(2). We may agree that commitment under this statute was mandatory, and we note that, once again, this juvenile judge has followed a pattern of completely

ignoring the statutory mandates and rules of procedure. *See*, e.g., *In re M.R.*, 1st Dist. Hamilton No. C-130736, 2014-Ohio-945; *State v. Powell*, 1st Dist. Hamilton Nos. C-130389 and C-130390, 2014-Ohio-719; *In re J.K.*, 1st Dist. Hamilton No. C-120857, 2013-Ohio-4938; *State ex rel. Nagel v. Hunter*, 1st Dist. Hamilton No. C-130619, 2013-Ohio-4874. But because the state failed to seek leave to appeal as required by App.R. 5(C), we lack jurisdiction to hear the appeals, and we have no choice but to dismiss them.

{¶5} R.C. 2945.67 grants the state limited rights to appeal in criminal and juvenile cases. "Absent 2945.67, the state has no substantive right to appeal trial-court decisions in criminal cases." *In re M.M.*, 135 Ohio St.3d 375, 2013-Ohio-1495, 987 N.E.2d 652, ¶ 22. Under R.C. 2945.67(A), the state has an absolute right to appeal only when the trial court's decision falls within one of four specifically-delineated categories, none of which apply in this case. *See State v. Matthews*, 81 Ohio St.3d 375, 377-378, 691 N.E.2d 1041 (1978); *In re T.A.*, 10th Dist. Franklin No. 07AP-327, 2007-Ohio-4417, ¶ 3.

{¶6} R.C. 2945.67(A) also provides that the state "may appeal in accordance with section 2953.08 of the Revised Code, a sentence imposed upon a person who is convicted of or pleads guilty to a felony." R.C. 2953.08(B) provides that the state "may appeal as a matter of right a sentence imposed upon a defendant who is convicted of or pleads guilty to a felony[.]" Neither statute says anything about dispositions in juvenile cases.

{¶7} But in *In re K.S.*, 192 Ohio App.3d 472, 2011-Ohio-755, 949 N.E.2d 558 (2d Dist.), the Second Appellate District rejected the state's argument that it was entitled to an appeal of right because K.S., a juvenile, had been adjudicated

delinquent for an offense that would have been a felony if committed by an adult. The court stated:

> R.C. 2953.08 authorizes appeals based upon the felony sentencing guidelines, and therefore, pertains to adult sentencing. The fact that K.S. was adjudicated delinquent for committing a crime that *would* constitute a felony of the second degree if committed by an adult does not subject him to sentencing under the felony sentencing guidelines. Instead, disposition in the underlying case was governed by R.C. 2152.01, *et seq.*, where emphasis is placed on rehabilitation over punishment. Thus, this Court is not persuaded that the State is entitled to an appeal as of right under R.C. 2953.08.

(Emphasis sic.) *Id.* at ¶ 10. *See In re Moore*, 1st Dist. Hamilton Nos. C-090576, C-090577 and C-090578, 2010-Ohio-3991, ¶ 11-14; *In re A.E.,* 10th Dist. Franklin No. 08AP-59, 2008-Ohio-4552, ¶ 11-16. We agree with the reasoning of the court in *K.S.*, and we hold that the state does not have an appeal of right in this case.

{¶8} R.C. 2945.67(A) provides that the state may appeal "any other decision, except the final verdict, of the trial court in a criminal case or of the juvenile court in a delinquency case" by leave of court. *State v. Ross*, 128 Ohio St.3d 283, 2010-Ohio-6282, 943 N.E.2d 992, ¶ 15. Since the state did not have an appeal as a matter of right in this case, it was required to seek leave of court to appeal under Civ.R. 5(C). "In order to exercise the substantive right to appeal, the state must comply with the relevant rules of procedure." *M.M.*, 135 Ohio St.3d 375, 2013-Ohio-1495, 987 N.E.2d 652, at ¶ 29.

{¶9} In support of its claim that it did not have to file a motion for leave to appeal, the state relies upon this court's decision in *D.P.*, 1st Dist. Hamilton Nos. C-

4

130293 and C-130298, 2014-Ohio-467.  In that case, on similar facts, we rejected the argument that the case was not ripe for appeal.  But *D.P.* did not discuss the issue of whether the state was required to file a motion for leave to appeal to invoke this court's jurisdiction in the first place.  *See M.M.* at ¶ 31-32.  The state also relies on *In re C.W.*, 4th Dist. Adams No. 11CA918, 2013-Ohio-2483, but that case discussed the juvenile court's jurisdiction, not the appellate court's.  It did not address whether the state was required to file a motion for leave to appeal.

{¶10}  App.R. 5(C) sets forth several requirements that must be met for the state to appeal by leave of court, including filing a motion for leave to appeal and a concurrent notice of appeal within 30 days of the judgment or order sought to be appealed.  *Moore*, 1st Dist. Hamilton Nos. C-090576, C-090577 and C-090578, 2010-Ohio-3991, at ¶ 13.  The state did not file a motion for leave to appeal in this case.  Because the state failed to comply with the requirements of Civ.R. 5(C), this court has no jurisdiction to hear the appeals.  We, therefore, have no choice but to dismiss them.  *See M.M.* at ¶ 32; *Moore* at ¶ 14; *A.E.*, 10th Dist. Franklin No. 08AP-49, 2008-Ohio-4552, at ¶ 16.

Appeals dismissed.

**FISCHER** and **DEWINE**, **JJ.**, concur.

Please note:

The court has recorded its own entry on the date of the release of this opinion.