[Cite as *State v. Boyer*, 2017-Ohio-5858.]

# IN THE COURT OF APPEALS

# ELEVENTH APPELLATE DISTRICT

# PORTAGE COUNTY, OHIO

| | | |
|---|---|---|
| STATE OF OHIO, | : | **O P I N I O N** |
| Plaintiff-Appellant, | : | |
| - vs - | : | **CASE NO. 2016-P-0061** |
| KEITH A. BOYER, | : | |
| Defendant-Appellee. | : | |

Criminal Appeal from the Portage County Court of Common Pleas, Case No. 2014 CR 00212.

Judgment: Appeal dismissed.

*Victor V. Vigluicci,* Portage County Prosecutor, and *Kristina Reilly,* Assistant Prosecutor, 241 South Chestnut Street, Ravenna, OH 44266 (For Plaintiff-Appellant).

*John Chapman,* 631 West Exchange Street, Akron, OH 44302 (For Defendant-Appellee).

DIANE V. GRENDELL, J.

{¶1} Plaintiff-appellant, the State of Ohio, appeals the September 28, 2016 Order and Journal Entry of the Portage County Court of Common Pleas, granting defendant-appellee, Keith A. Boyer's, Motion for Judicial Release. The determinative issue before this court is whether the State may appeal the granting of a motion for judicial release for a third-degree felony pursuant to R.C. 2953.08(B)(2). For the following reasons, we hold that it may not and, accordingly, dismiss the appeal.

{¶2} On February 12, 2015, Keith A. Boyer entered a plea of guilty to Aggravated Vehicular Assault, a felony of the third degree in violation of R.C. 2903.08(A)(1)(a), in the Portage County Court of Common Pleas. In the Written Plea of Guilty, Boyer was advised that he was subject to a "MANDATORY PRISON TERM OF EITHER 1, 2, 3, 4, or 5 YEARS."

{¶3} Following a sentencing hearing on May 15, 2015, Boyer was sentenced to "a term of imprisonment of Two (2) years."

{¶4} On June 21, 2016, Boyer filed a Motion for Judicial Release.

{¶5} On September 26, 2016, a hearing was held on Boyer's Motion, at which the State opposed release on the grounds that Boyer's sentence was mandatory.

{¶6} On September 28, 2016, the trial court granted the Motion for Judicial Release.

{¶7} On October 6, 2016, the State of Ohio filed its Notice of Appeal, raising the following assignment of error:

{¶8} "[1.] The trial court erred in granting Boyer's motion for judicial release under the authority of *State v. Ware*, 141 Ohio St.3d 160, 2014-Ohio-5201, 22 N.E.3d 1082."

{¶9} Preliminarily, we consider Boyer's argument that the State is without authority to appeal the trial court's judgment granting judicial release.

{¶10} The Ohio General Assembly enacted R.C. 2945.67 to grant the prosecution a limited right of appeal in criminal cases which it did not enjoy historically. *State v. Davidson*, 17 Ohio St.3d 132, 134, 477 N.E.2d 1141 (1985). "Absent R.C.

2

2945.67, the state has no substantive right to appeal trial-court decisions in criminal cases." *In re M.M.*, 135 Ohio St.3d 375, 2013-Ohio-1495, 987 N.E.2d 652, ¶ 22.

{¶11} Pursuant to R.C. 2945.67(A), "[a] prosecuting attorney * * * may appeal by leave of the court to which the appeal is taken any other decision [apart from the granting of a motion to dismiss, suppress, return seized property, or post conviction relief] except the final verdict, of the trial court in a criminal case * * *." In addition, "a prosecuting attorney * * * may appeal, in accordance with section 2953.08 of the Revised Code, a sentence imposed upon a person who is convicted of or pleads guilty to a felony." *Id.*

{¶12} The State has not sought leave to file a discretionary appeal under R.C. 2945.67(A). Rather, the State contends "[t]his appeal is a proper appeal as a matter of right of a sentence that is contrary to law pursuant to R.C. 2953.08(B)(2)," according to which "a prosecuting attorney * * * may appeal as a matter of right a sentence imposed upon a defendant who is convicted of or pleads guilty to a felony or, in the circumstances described in division (B)(3) of this section the modification of a sentence imposed upon such a defendant," on the grounds that "[t]he sentence is contrary to law." Appellant's reply brief at 2.

{¶13} The State's reliance on R.C. 2953.08(B)(2) is unavailing. The Ohio Supreme Court has directly rejected the proposition that a prosecutor may appeal a grant of judicial release for a third-degree felony (such as Aggravated Vehicular Assault) under R.C. 2953.08(B)(2): "R.C. 2953.08(B)(2) does not authorize a prosecuting attorney to appeal the modification of a sentence granting judicial release for a felony of

3

the third, fourth, or fifth degree." *State v. Cunningham*, 113 Ohio St.3d 108, 2007-Ohio-1245, 863 N.E.2d 120, paragraph one of the syllabus.

{¶14} The Supreme Court explained this ruling by reference to division (B)(3), which expressly "grants the state a right to appeal if a court modifies a sentence imposed for a felony of the first or second degree." *Id.* at ¶ 11; R.C. 2953.08(B)(3) (the prosecuting attorney may appeal a "sentence [which] is a modification under section 2929.20 of the Revised Code [judicial release] of a sentence that was imposed for a felony of the first or second degree").

{¶15} The Court recognized the legislature's implied intent not to grant the State an appeal as a matter of right from the granting of judicial release for felonies of the third, fourth, and fifth degree:

> First, the plain language of R.C. 2953.08(B)(3) does not include any reference to a felony of the third, fourth, or fifth degree. By including only felonies of the first and second degree within the text of (B)(3), the General Assembly has excluded all other felony offenses of a lesser degree because "the express inclusion of one thing implies the exclusion of the other." *Myers v. Toledo,* 110 Ohio St.3d 218, 2006-Ohio-4353, 852 N.E.2d 1176, ¶ 24.

*Cunningham* at ¶ 20.

{¶16} The court next foreclosed the possibility of appealing the granting of judicial release for felonies of the third, fourth, and fifth degree under R.C. 2953.08(B)(2):

> A careful examination of R.C. 2953.08(B)(2), however, reveals that it does not refer to the *modification* of a sentence; rather, it authorizes the prosecuting attorney to appeal, as a matter of right, a *sentence* imposed on a defendant on the grounds that "[t]he sentence is contrary to law." Thus, it does not apply to a modification of a sentence that is allegedly contrary to law.

*Id.* at ¶ 22.

4

{¶17} The State has failed to properly invoke the jurisdiction of this court and, therefore, the appeal must necessarily be dismissed.

{¶18} Although I share fully in the dissent's desire to vacate the trial court's illegal release of Boyer prior to the expiration of his mandatory sentence, I cannot endorse the employment of the "void judgment" doctrine, raised sua sponte, to achieve this result. The fact that this court may have inherent power to vacate a void judgment does not obviate the need to properly invoke this court's jurisdiction prior to the exercise of such power. If a court does not have jurisdiction, how does the court have the ability to exercise its inherent authority? A lower court may have inherent authority to vacate a void judgment, but an appellate court still has to have jurisdiction to take any action with respect to the lower court's ruling. *State v. Atwood*, 61 Ohio App.3d 650, 654, 573 N.E.2d 739 (4th Dist.1990) ("[i]t is a rule of universal application that [the] jurisdiction of a court lies dormant" and "must be invoked in some manner and the action commenced in the regular course of judicial procedure"). In *Van DeRyt v. Van DeRyt*, 6 Ohio St.2d 31, 215 N.E.2d 698 (1966), relied upon by the dissent, the inherent power to vacate was not an issue since the court's jurisdiction was provided by statute. *Id.* at paragraph two of the syllabus ("[w]here a party files a motion after term to vacate a judgment for irregularities, he does not invoke the court's inherent power to vacate but only its statutory power under Section 2325.01 of the Revised Code").

{¶19} To correct an erroneous judgment by a blatantly illegal exercise of jurisdiction is a dubious precedent. The dissent's expansive claim that void judgments may be vacated at any time and under any circumstances provides litigants with an alluring "nuclear option" by which legal technicalities, such as a timely filed notice of

5

appeal or final order, may be circumvented. It is no exaggeration to say that the number of appeals challenging purportedly "void" judgments, particularly sentencing judgments, has increased and will continue to do so given the obvious advantages of claiming that the challenged judgment was void ab initio.

{¶20} Moreover, the doctrine is not properly invoked under the circumstances of this case. The void judgment doctrine, as conceived of in this "modern era" with its "more sophisticated understanding of individual rights," holds that "[t]he only sentence which a trial court may impose is that provided for by statute," and that the failure to impose a statutorily mandated sentence is more than a mere error in the exercise of jurisdiction, but, rather, "an act that lacks both statutory and constitutional authority." (Citation omitted.) *State v. Fischer*, 128 Ohio St.3d 92, 2010-Ohio-6238, 942 N.E.2d 332, ¶ 20 and 22.[1]

{¶21} Even so, the trial court's error in the present case does not constitute the imposition of a sentence that is not statutorily mandated but, as explained above, the illegal modification of a properly imposed sentence. The void sentence doctrine is not properly invoked in the present circumstances.

{¶22} Appeal dismissed. Costs to be taxed against appellant.


COLLEEN MARY O'TOOLE, J., concurs,

CYNTHIA WESTCOTT RICE, P.J., dissents with a Dissenting Opinion.

_____

1. It must also be acknowledged that the doctrine, as applied to "the unusual void-sentence line of cases[,] * * * continues to play havoc with [Ohio] jurisprudence." *State v. Williams*, 148 Ohio St.3d 403, 2016-Ohio-7658, 71 N.E.3d 234, ¶ 35 (Lanzinger, J., dissenting).

6

CYNTHIA WESTCOTT RICE, P.J., dissents with a Dissenting Opinion.

{¶23} The majority maintains the instant appeal should be dismissed because the state failed to properly invoke this court's jurisdiction. I do not disagree with the majority's general analysis on this substantive point. I dissent because the trial court transcended its authority in releasing appellee, an ineligible offender serving a mandatory term of imprisonment. Because the trial court's action of granting an ineligible offender judicial release was not authorized by R.C. 2929.20, the governing statute, the trial court's judgment is void. I would accordingly hold that, notwithstanding the state's failure to properly move this court pursuant to R.C. 2945.67(A), we should exercise our inherent authority to vacate the trial court's void judgment. Thus, under these unique circumstances, the trial court's judgment should be reversed and remanded for further proceedings with instructions to the trial court to deny appellee's motion for judicial release.

{¶24} Pursuant to R.C. 2929.20(A)(1), judicial release is available *only* to "eligible offenders." An "eligible offender" is one who is serving one or more non-mandatory prison terms. *Id.* Appellee was serving a two-year, mandatory term. He was not an "eligible offender" for judicial release and, as a result, the trial court lacked authority to grant his motion.

{¶25} The Supreme Court has observed that "[a]ny attempt by a court to disregard statutory requirements when imposing a sentence renders the attempted sentence a nullity or void." *State v. Beasley*, 14 Ohio St.3d 74, 75 (1984). Although this statement is directed at a trial court's authority to impose a sentence, in *State v.*

7

*Cunningham*, 113 Ohio St.3d 108, 2007-Ohio-1245, the Supreme Court extrapolated, by analogy, that "a trial court may grant judicial release and *modify a sentence* only as provided for by statute." *Id.* at ¶23. Unlike the defendant in *Cunningham*, appellee was subject to a mandatory, two-year term of imprisonment and, as a matter of law, was not an "eligible offender" under R.C. 2929.20(A)(1). When the trial court granted appellee's motion, it disregarded the statutory mandate that judicial release is a remedy available *only* to those serving non-mandatory terms.

{¶26} Moreover, in granting an "ineligible offender" judicial release, the trial court, in effect, reconsidered its own valid judgment of conviction in a criminal case. Such an action is outside a trial court's jurisdiction. *See e.g. State ex rel. White*, 80 Ohio St.3d 335, 338 (1997) ("trial courts lack authority to reconsider their own valid final judgments in criminal cases.")

{¶27} With the foregoing in mind, the underlying judgment granting appellee judicial release is void. A void judgment is a nullity and open to attack at any time. *Lingo v. State*, 138 Ohio St.3d 427, 2014-Ohio-1052, ¶46. "A court has inherent power to vacate a void judgment because such an order simply recognizes the fact that the judgment was always a nullity." *Van DeRyt v. Van DeRyt*, 6 Ohio St.2d 31 (1966). The phrase "inherent power" is defined as "[a]n authority possessed without its being derived from another. A right, ability, or faculty of doing a thing, without receiving that right, ability, or faculty from another." Black's Law Dictionary (6 Ed.1990) 782. Hence, "[i]f an appellate court is exercising its inherent power to vacate a void judgment, *it does not matter whether the notice of appeal was timely filed or whether there is a final, appealable order.*" (Emphasis added). *State v. Bedford*, 184 Ohio App.3d 588, 2009-

Ohio-3972, ¶12 (9th Dist.) citing *Card v. Roysden* (June 7, 1996), 2d Dist. No. 95 CA 108, 1996 WL 303571, *1 (June 7, 1996); *Reed v. Montgomery Cty. Bd. of Mental Retardation & Developmental Disabilities*, 10th Dist. No. 94APE10–1490, 1995 WL 250810, *3 (Apr. 27, 1995) (concluding that if an entry is void ab initio, "[w]hether or not the * * * entry constitutes a final appealable order does not affect appellant's ability to appeal the matter").

{¶28} Because the court possesses the inherent and independent authority to vacate a void judgment, irrespective of jurisdictional barriers that would otherwise preclude action, the state's failure to invoke this court's jurisdiction by statute or via motion, per R.C. 2945.67(A), is without consequence. The trial court's judgment, granting appellee, an ineligible offender, judicial release is void. As a result, I would vacate that judgment and reverse and remand the case for further proceedings, pursuant to our inherent authority.

{¶29} I recognize this disposition stands in conflict with several of our sister districts that have dismissed similar cases based upon a prosecuting attorney's inability to appeal under R.C. 2953.08(B), notwithstanding a trial court's lack of authority to award judicial release to an ineligible offender serving a mandatory prison term for felonies of the third, fourth, or fifth degree. *See e.g. State v. Shipman*, 5th Dist. Stark No. 2011CA00251, 2012-Ohio-2377; *State v. Fox*, 8th Dist. Cuyahoga No. 2007-Ohio-3893 (Stewart, J., dissenting); *State v. Sparks*, 178 Ohio App.3d 272, 2008-Ohio-4664 (4th Dist.) (Kline, J., dissenting). In light of my position, I would additionally certify for conflict the following issue for consideration to the Supreme Court of Ohio:

9

**{¶30}** Whether an appellate court, pursuant to its inherent authority to vacate a void judgment, may properly consider a trial court's granting of a motion for judicial release filed by an ineligible offender who was serving a mandatory prison term for a felony of the third, fourth, or fifth degree when a prosecuting attorney is not authorized by R.C. 2953.08(B) to file an appeal as of right?

**{¶31}** I therefore dissent.