[Cite as *State v. Heil*, 2019-Ohio-2602.]

| STATE OF OHIO | ) | | IN THE COURT OF APPEALS |
| | )ss: | | NINTH JUDICIAL DISTRICT |
| COUNTY OF MEDINA | ) | | |

| STATE OF OHIO | | C.A. No. 18CA0030-M |
| | | |
| Appellant | | |
| | | |
| v. | | APPEAL FROM JUDGMENT |
| | | ENTERED IN THE |
| KIMBERLY S. HEIL | | MEDINA MUNICIPAL COURT |
| | | COUNTY OF MEDINA, OHIO |
| Appellee | | CASE No. 17 TRC 05832 |

DECISION AND JOURNAL ENTRY

Dated: June 28, 2019

TEODOSIO, Presiding Judge.

{¶1} Appellant, the State of Ohio, appeals from an order of the Medina Municipal Court precluding it from introducing expert testimony at trial. We dismiss the appeal for lack of jurisdiction.

I.

{¶2} On September 23, 2017, Ms. Heil was involved in a single car accident in Brunswick Hills. She was initially taken to a local hospital and was then transported by life flight to Akron General Medical Center. Ms. Heil was cited for operating a vehicle while under the influence of alcohol or drugs ("OVI"), failure to control, and failure to wear a seat belt. The procedural posture in this case can be summarized as follows.

{¶3} Ms. Heil was arraigned on October 11, 2017, and a bench trial was set for November 27, 2017. Ms. Heil filed a motion to suppress any blood test results, and her trial date was thereafter continued until January 24, 2018. Prior to a hearing on the motion to suppress,

and based exclusively on the State's representation to the court in chambers that it never obtained any blood test results from Ms. Heil, the trial court denied the motion as moot because there were no blood test results to suppress. Ms. Heil filed a jury demand, and her trial date was once again continued. A jury trial was now set for February 27, 2018. The trial court sua sponte converted the February 27, 2018, trial date into a pretrial hearing and then continued the trial date once again until April 17, 2018.

{¶4} On March 16, 2018—i.e., 156 days after Ms. Heil's arraignment and 32 days before trial—the State motioned the trial court for an order to obtain Ms. Heil's medical records "including any treatment, draws, or testing done on or about September 23, 2017." The court granted the motion four days later. On March 27, 2018—i.e., 21 days before trial and on the deadline for disclosing expert reports and qualifications under Crim.R. 16(K)—the State motioned the court to continue the April 17, 2018, trial date based on its recent receipt of Ms. Heil's medical records and its desire to consult with an expert witness and obtain an expert report. On the following day, before defense counsel was made aware of the State's motion, the trial court granted it, and the trial was continued until June 12, 2018.

{¶5} On April 3, 2018, Ms. Heil motioned the trial court to reconsider its order granting the State a continuance of the trial, specifically questioning the State's unexplained 156-day delay in requesting the medical records and noting the State's resulting inability to comply with the Crim.R. 16(K) deadline. On April 9, 2018, the court denied Ms. Heil's motion to reconsider as moot to the limited extent of reconsidering the continuance of the trial date, as the April 17, 2018, date was no longer available to schedule a trial. The court did, however, request briefs from the parties to address (1) whether the State should be precluded from introducing expert testimony at trial, and (2) whether the State is precluded from amending the complaint to

assert a "per se" OVI charge under R.C. 4511.19(A)(1)(d). Ms. Heil filed a response brief requesting the court to preclude the State from introducing expert testimony at trial. The State asserted that it would not seek to amend its complaint, and the court later deemed that particular issue moot. On May 1, 2018, the trial court filed a judgment entry permitting the State to use Ms. Heil's medical records at trial, but sanctioning the State for its discovery violation by precluding it from introducing expert testimony at trial.

{¶6} Pursuant to Crim.R. 12(K), the State of Ohio now appeals from the order of the trial court precluding it from introducing expert testimony and raises one assignment of error for this Court's review.

II.

**ASSIGNMENT OF ERROR**

THE MEDINA MUNICIPAL COURT ERRED IN EXCLUDING EVIDENCE.

{¶7} In its sole assignment of error, the State argues that the trial court erred in precluding the State from introducing expert testimony at trial. We dismiss the attempted appeal because the State has not properly invoked this Court's jurisdiction.

{¶8} This Court is required to raise sua sponte issues regarding our jurisdiction. *State v. Bales*, 9th Dist. Lorain No. 10CA009943, 2011-Ohio-5336, ¶ 2, citing *Whitaker-Merrell Co. v. Geupel Constr. Co.*, 29 Ohio St.2d 184, 186 (1972). Article IV, Section 3(B)(2), of the Ohio Constitution grants appellate courts "such jurisdiction as may be provided by law to review and affirm, modify, or reverse judgments or final orders * * *." The Supreme Court of Ohio has interpreted this constitutional provision to mean that "'the [S]tate has no absolute right of appeal in a criminal matter unless specifically granted such right by statute.'" *State ex rel. Steffen v. Court of Appeals, First Appellate Dist.*, 126 Ohio St.3d 405, 2010-Ohio-2430, ¶ 18, quoting

*State v. Fisher*, 35 Ohio St.3d 22, 24 (1988). Thus, "the General Assembly—and the General Assembly alone—has the authority to provide by law the method of exercising that jurisdiction." *In re M.M.*, 135 Ohio St.3d 375, 2013-Ohio-1495, ¶ 21.

{¶9} The General Assembly exercised its authority by enacting R.C. 2945.67, which grants the State limited rights to appeal in criminal and juvenile cases. *Id.* at ¶ 22. *See also State v. Davidson*, 17 Ohio St.3d 132, 134 (1985); *State v. Fraternal Order of Eagles Aerie 0337 Buckeye*, 58 Ohio St.3d 166, 167 (1991). Pursuant to R.C. 2945.67(A), the State may only appeal "as a matter of right" the following enumerated decisions of trial courts in criminal cases: Any decision which grants (1) a motion to dismiss all or any part of an indictment, complaint, or information; (2) a motion to suppress evidence; (3) a motion for the return of seized property; or (4) post-conviction relief pursuant to R.C. 2953.21 to 2953.24. The statute further provides that the State may appeal "by leave of the court to which the appeal is taken" any other decision of the trial court in a criminal case, except the final verdict. R.C. 2945.67(A).

{¶10} Here, the State appealed the trial court's judgment entry in this case pursuant to Crim.R. 12(K) formerly Crim.R. 12(J) which "supplements and formalizes the statutory procedure." *Davidson* at 134. We note that while R.C. 2945.67 permits the State to appeal as a matter of right any decision granting a motion to *suppress* evidence, the wording of Crim.R. 12(K) differs slightly, as it permits the State to appeal as provided by law from orders *suppressing or excluding* evidence within seven days, provided the State certifies: (1) the appeal is not taken for the purpose of delay; and (2) the ruling has rendered the State's proof with respect to the pending charge so weak in its entirety that any reasonable possibility of effective prosecution has been destroyed. R.C. 2945.67 does not explicitly permit appeals as a matter of right from any decision granting motions to suppress *or exclude* evidence, and "we are forbidden

to add a nonexistent provision to the plain language of R.C. 2945.67(A)." *Steffen*, 126 Ohio St.3d 405, 2010-Ohio-2430, at ¶ 26. Because Crim.R. 12(K) explicitly permits the State to appeal only "as provided by law," it recognizes that "the [S]tate's substantive right to appeal in a criminal proceeding is grounded in, and limited to, those rights granted in the Ohio Constitution and R.C. 2945.67(A)." *State v. Thompson*, 10th Dist. Franklin No. 03AP-841, 2004-Ohio-3229, ¶ 15-16. The rule has bearing with respect to the procedure of the State's right to appeal in a criminal case, but the right itself is simply not found in the rule. *See State v. Kole*, 11th Dist. Ashtabula No. 99-A-0015, 2000 WL 1460031, *2 (Sept. 29, 2000).

{¶11} In the case sub judice, Ms. Heil first filed a motion in the trial court entitled: "Motion to Reconsider State's Motion to Continue Trial Date and Defendant's Objection to Granting of State's Motion[.]" She argued therein that the State waited over five months to request the medical records and would be beyond the Crim.R. 16(K) deadline for producing expert reports. Ms. Heil urged the court to "first consider the admissibility of said test evidence" and requested reconsideration of the court's judgment entry continuing the trial "because the determination of admissibility is being reexamined at such an untimely and unnecessary stage in the proceedings * * *." Although the court was unable to reschedule the trial back to its original date, and likewise denied the motion for reconsideration to that extent, it nonetheless requested further briefing from the parties to address two issues, one of which was specifically whether the State should be precluded from introducing expert testimony at trial. The parties filed their response briefs, and Ms. Heil argued therein that "[t]he State should be precluded from introducing any expert testimony for failure to comply with Crim.[]R. 16 * * *." The trial court ultimately issued a separate judgment entry sanctioning the State by precluding it from introducing expert testimony at trial.

{¶12} When considering whether this Court has jurisdiction to consider the State's appeal in this matter, we must first determine whether the trial court's ruling was tantamount to granting a "motion to suppress" within the ambit of R.C. 2945.67(A), thereby entitling the State to an appeal as of right, pursuant to the statute and Crim.R. 12(K). *See Thompson* at ¶ 20. The Supreme Court of Ohio has held:

> [A]ny motion which seeks to obtain a judgment suppressing evidence is "a motion to suppress" for purposes of R.C. 2945.67 and Crim.R. [12(K)] where that motion, if granted, effectively destroys the ability of the [S]tate to prosecute. The fact that the motion is not labeled "motion to suppress" is not controlling. If the trial court grants a motion which seeks to obtain a judgment to suppress evidence, the [S]tate can appeal, provided there is full compliance with Crim.R. [12(K)].

*State v. Davidson*, 17 Ohio St.3d 132, 135 (1985).

{¶13} After careful consideration, we conclude that the trial court's judgment entry was not the functional equivalent of granting a motion to suppress, which the State could have appealed as a matter of right, pursuant to R.C. 2945.67(A). While a motion in limine can, in certain circumstances, be considered functionally equivalent to a motion to suppress, Ms. Heil's motion only sought reconsideration of the trial court's continuance of the trial date and broadly urged the court to "consider the admissibility" of "test evidence." The court denied her request to reconsider the continuance, but requested additional briefing. Although, after considering the parties' response briefs, the court entered a separate judgment entry precluding the State from introducing expert testimony at trial, the court clearly did so as a sanction for the State's violation of the rules of discovery, not in response to a motion in limine requesting the suppression of evidence. As such, the court's judgment entry appears to be a "simple evidentiary ruling" fitting more appropriately within the "any other decision" category of R.C. 2945.67(A). *See Thompson* at ¶ 19. Thus, the State could only appeal the court's judgment entry by leave of this Court.

{¶14} "'A motion for leave to appeal by the [S]tate in a criminal case shall be governed by the procedural requirements of App.R. 5 and the time requirements of App.R. 4(B).'" *Steffen*, 126 Ohio St.3d 405, 2010-Ohio-2430, at ¶ 27, quoting *State v. Wallace*, 43 Ohio St.2d 1 (1975), syllabus. It must be filed concurrently with the notice of appeal. *See* App.R. 5(C). Accordingly, the State needed to file its motion for leave to appeal with this Court "within thirty days from the entry of the judgment and order sought to be appealed * * *." App.R. 5(C). The record is clear that the State neither sought nor obtained leave to appeal from this Court in this matter. When the State fails to comply with the statutory requirement to seek leave to appeal, the attempted appeal must be dismissed for lack of jurisdiction. *See In re M.M.*, 135 Ohio St.3d 375, 2013-Ohio-1495, ¶ 32.

{¶15} Because the State failed to seek leave to appeal in this matter in accordance with R.C. 2945.67(A) and App.R. 5(C), this Court patently and unambiguously does not have jurisdiction to consider the merits of the appeal. *See Steffen*, 126 Ohio St.3d 405, 2010-Ohio-2430, at ¶ 28, 35.

{¶16} The attempted appeal is dismissed for lack of jurisdiction.

III.

{¶17} The attempted appeal is dismissed.

Appeal dismissed.

———

Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(C). The Clerk of the Court of Appeals is

instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.

    Costs taxed to Appellant.

 

THOMAS A. TEODOSIO
FOR THE COURT

CARR, J.
CALLAHAN, J.
CONCUR.

APPEARANCES:

J. MATTHEW LANIER, Prosecuting Attorney, for Appellant.

ERIC DYSERT, Attorney at Law, for Appellee.